## EXENDINE et al. v. PORE.

### (Circuit Court of Appeals, Eighth Circuit. May 29, 1893.)

### No. 225.

JUDGMENTS—RES JUDICATA—CHEROKEE COURTS.

A judgment in ejectment, rendered according to the Cherokee law by the clerk of a district court in the Cherokee Nation, for land situated therein, against a citizen of the United States, is a bar to an action by such citizen in the United States court for the Indian Territory to recover the same land, where he appeared in response to the notice issued by the clerk, and submitted himself to his jurisdiction by pleading to the merits, and introducing evidence to sustain his plea. Mehlin v. Ice, 56 Fed. Rep. 12, followed.

In Error to the United States Court in the Indian Territory. Reversed.

W. S. Wolfenberger, for plaintiffs in error.

S. M. Porter, Thomas Marcum, S. S. Fears, and John Watkins, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. This is an action of forcible entry and detainer, brought in the United States court for the Indian Territory on the 2d day of June, 1891, by Leander Pore, a citizen of the United States, against Morgue Erwin and Jasper Exendine, members and citizens of the Cherokee Nation, to recover the possession of 130 acres of land situated in the Cherokee Nation, and $2,000 damages for the alleged wrongful detention of the same. The defendants, among other defenses, pleaded that on the 1st day of March, 1891, the defendant Jasper Exendine commenced an action of ejectment in the district court of the Cooweescoowee district in the Cherokee Nation, in accordance with the laws of said nation, against the plaintiff in this action, to recover the possession of the premises here in controversy; that a summons was duly issued by the clerk of said court in said action, and personally served on the defendant therein. And the answer further alleges, in terms:

"That the plaintiff appeared before said clerk on the day on which said cause was set for trial, in person and by attorney, and that said cause was tried upon its merits, plaintiff and defendant therein introducing their testimony to sustain the issues on their part; that plaintiff filed an answer to the complaint of the said plaintiff in said cause, and that on the day of the said action between Jasper Exendine, who was plaintiff therein, and Leander Pore, defendant therein, and on a final hearing of that cause, judgment was rendered in favor of this defendant for the possession of the premises mentioned in plaintiff's complaint, which said premises and possession thereof was the same as those for which the plaintiff herein has brought this action, which said judgment was final and conclusive. Defendants further say that a writ of ejectment was forthwith issued on said judgment, and was put into the hands of the sheriff of the Cooweescoowee district to be executed, and was executed by the sheriff of said Cooweescoowee district, a certified copy of which aforesaid proceedings and judgment, and the law under which, are annexed hereto and made a part of this answer. Defendants further say

that the trespass complained of in plaintiff's complaint was done in the executing of the aforesaid writ, and said sheriff did not use more force than was necessary to remove plaintiff and his family and goods from the premises described in such writ."

To this answer the plaintiff demurred, setting down as special cause of demurrer:

"That defendants' answer presents no defense to plaintiff's cause of action, in so far as it sets up the action of the clerk of the district court of Cooweescoowee district as authority for the wrongs and trespasses charged against defendants in plaintiff's complaint, because said clerk had no jurisdiction of the subject-matter of the said proceedings before him, as set up in said answer, nor of the person of plaintiff, nor could the act of plaintiff confer jurisdiction on said clerk."

The court sustained this demurrer, and there was final judgment for the plaintiff, and the defendants sued out this writ of error.

We have considered the grounds of the motion to "dismiss the appeal," and do not think them well taken.

In the case of Mehlin v. Ice, 56 Fed. Rep. 12, (decided at the present term,) we had occasion to consider very fully the questions raised by the demurrer to the answer in this case. Under the ruling in that case, the facts set up in the answer in this case, and confessed by the demurrer, constitute a complete bar to this action.

The judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial and overrule the demurrer to the answer.