CORNELLS, Judge, et al. v. SHANNON et al.

(Circuit Court of Appeals, Eighth Circuit. September 10, 1894.)

No. 409.

CREEK NATION—JUDGMENT—JURISDICTION OF PARTIES.

In a suit by the owners and mortgagees of cattle to declare void a judgment of a court of the Creek Nation imposing a fine on the owners for bringing the cattle into the Nation contrary to its law, and making it a lien on the cattle in accordance with such law, it will, on demurrer to the answer, be *held* that the Creek court had jurisdiction to render the judgment, the answer alleging that such court had jurisdiction of the owners of the cattle.

Appeal from the United States Court in the Indian Territory.

Suit by George Shannon and others against Temaye Cornells. judge, and others, to declare a judgment void. Decree for plaintiffs. Defendants appeal. Reversed.

N. B. Maxey (S. S. Fears and G. B. Denison were with him on the brief), for appellants.

G. W. Pasco, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. An act of the council of the Creek Nation entitled "An act establishing quarantine regulations against foreign cattle, and to prevent smuggling cattle into the Creek Nation," approved October 29, 1891, makes it unlawful for any citizen of the Nation "to introduce or invite into the Creek Nation cattle of any kind at any time," except between the first day of January and the last day of March of each year, and declares that any citizen violating this provision of the act "shall be fined a sum that will be the equivalent of three dollars per head for each and every head of cattle" unlawfully introduced. The act makes the judgment a lien on the cattle unlawfully introduced, and provides that, if the judgment is not paid in 30 days, the cattle shall be sold to satisfy it. In a proceeding instituted in the criminal court of the Muskogee district against George Shannon and James Willison, charging them with introducing 10,000 head of cattle into the Nation in violation of this act, that court entered the following judgment:

"Judge's Office, Muskogee Nation, Wellington, 18 Aug., '92.

"Muskogee Nation vs. George Shannon, James Willison.

"For Violating Creek Cattle Law of Oct. 29, 1891.

"In Case No. 111, the Muskogee Nation vs. George Shannon and James Willison, the court orders and adjudges that the sum of thirty thousand dollars be adjudged against George Shannon and James Willison to be well and truly paid, that sum being the amount of fines, to wit: Three dollars on each of ten thousand head of cattle introduced by them into the Creek Nation, and into the Muskogee district thereof. And it is further ordered that this judgment of thirty thousand dollars, by virtue of the statute made and provided, is made and become a lien upon all the cattle unlawfully introduced, of the brand [brand here given]. It is also ordered that the defendants, to wit,

George Shannon and James Willison, be notified that judgment as aforesaid has been rendered against them; and that if the amount thereof, to wit, thirty thousand dollars, and the costs of the suit in which they are made defendants, be not paid in thirty days from this date, the said cattle of the brand [brand here given], or a sufficient number thereof, will be sold to pay said fine and costs of suit, as provided for by an act establishing quarantine regulations against foreign cattle, and to prevent smuggling cattle into the Creek Nation. Approved 29th of October, A. D. 1891.

"Temaye Cornells, Judge Muskogee District, M. N."

After the entry of the judgment, process was issued to the captain of the light-horse company (an officer exercising duties similar to those of a sheriff) commanding him to collect the judgment, and not to permit the cattle to be removed from Muskogee district until the judgment was paid. The captain of the light-horse company took possession of the cattle, and thereupon Shannon and Willison, claiming to be the owners of the cattle, and Godair, Harding & Co., claiming to have a mortgage upon the cattle, filed this bill against Temaye Cornells, as judge of the Muskogee district of the Creek Nation, and Jim Cornells, as captain of the light horse of the same district and Nation, alleging that "plaintiffs, and each and every one of them, speaking for themselves individually and collectively, further say that said pretended judgment is unjust, utterly void, and of no effect as to them, because they have never, nor have any of them ever, introduced any cattle into said district, nor into any other portion of the Indian Territory, contrary to law, because they never were indebted to said Muskogee Nation in any sum whatever; because said court had no jurisdiction to render any judgment against them, or either of them, in the premises; because, being noncitizens of the Muskogee Nation, they could not be admitted to defend said suit in said Muskogee or Creek court; because said Godair, Harding & Co. were not, and could not have been, parties to said proceedings in said Creek court, and because said judgment was procured against plaintiffs herein by fraud and collusion on the part of said defendants,"—and praying that the defendants be enjoined from executing or enforcing the judgment, or interfering in any manner with the cattle or other property of the plaintiffs, and that, upon the final hearing, the injunction be made perpetual. By agreement of the parties, the cattle were released from the custody of the captain of the light horse, and the plaintiffs permitted to ship them out of the Nation upon executing a bond in the sum of $31,000 "to take the place of the cattle." A demurrer to the bill was overruled, and thereupon the defendants filed an answer, to which a demurrer was sustained; whereupon a final decree was rendered, as prayed for in the bill, and the defendants appealed.

The judgments of the courts of the Creek Nation are entitled to the same respect and to the same faith and credit as the judgments of the territorial courts of the United States (Mehlin v. Ice, 5 C. C. A. 403, 56 Fed. 12; Exendine v. Pore, 6 C. C. A. 112, 56 Fed. 777); and white men residing in the Indian Territory who appear and submit themselves to the jurisdiction of the courts of the Nation are bound by their judgments (Id.). If the court that rendered the

judgment, the collection of which is sought to be enjoined by the bill, had jurisdiction of the subject-matter and the parties, its judgment is as valid as the judgment of any other court. If it did not have jurisdiction, its judgment, like the judgment of any other court rendered without jurisdiction, is void. This court is not invested with appellate jurisdiction over the proceedings and judgments of the courts of the Creek Nation, and cannot therefore review mere irregularities and errors in the proceedings of those courts. However irregular or erroneous their proceedings may be, their judgments, like the judgments of any other court, are not void, and are not subject to collateral attack when it appears they had jurisdiction of the subject-matter and the person. No testimony was taken on the question of jurisdiction. The record does not disclose the proceedings in the Creek court. Whether the defendants were or were not summoned to answer the action in the Creek court, and, if they were summoned, whether they made default, or appeared and submitted to the jurisdiction of the court, or protested against its exercise of jurisdiction over them, does not appear. In this state of the record, we can express no opinion on the question of jurisdiction founded on the facts, and we can only consider the question as it is presented by the pleadings, which are extremely indefinite and unsatisfactory on the point. The bill alleges, and the answer admits, that Willison is an Indian and a citizen of the Creek Nation, and the answer avers that Shannon is a resident and naturalized citizen of the Creek Nation, and expressly avers that the defendant had jurisdiction over the defendants Shannon and Willison. We are constrained to hold that the lower court erred in sustaining the demurrer to the answer, which in terms alleged that the court had jurisdiction to render the judgment. The fact may be otherwise, but, in the face of this averment in the answer and its admission by the demurrer, we cannot say the court did not have jurisdiction. On the next hearing, the parties can put on the record all the facts relating to the jurisdiction of the court, and the question can then be determined intelligently and on its merits.

No objection is taken in plaintiffs' bill to the validity of the act of the Creek Nation upon the ground that it is in conflict with that clause of the constitution which invests congress with the power to regulate commerce "with the Indian tribes." The appellants seem not to have anticipated that this question would be raised, and, as it did not receive that attention on the argument that its importance demands, we have not considered it. See Railroad Co. v. Husen, 95 U. S. 465. The decree of the court below is reversed, and the cause remanded for further proceedings.