REPORTS OF DECISIONS

OF THE

# SUPREME COURT OF APPEALS,

# OF WEST VIRGINIA.

## CHARLESTON.

RORER *v.* PEOPLE'S BUILDING, LOAN & SAVINGS ASSOCIATION.

Submitted June 23, 1899—Decided November 11, 1899.

1. CIRCUIT COURT—*Jurisdiction*.

   Where the circuit court of a county is without jurisdiction under any of the clauses of section 1, chapter 123, Code amended by chapter 46, Acts 1897. it cannot obtain jurisdiction by reason of service of process in any other county, except as against a railroad, canal, turnpike, telegraph or insurance company. (p. 2.)

2. JUDGMENT BY DEFAULT.

   A judgment by default, rendered without jurisdiction, under chapter 123, Code, amended by chapter 46, Acts 1897, is void, and may be vacated on motion. (p. 3.)

Error to circuit court, Mercer County.

Bill by P. H. Rorer against the People's Building, Loan & Savings Association. Judgment for plaintiff, and defendant brings error.

*Reversed.*

J. W. VANDERVORT, for plaintiff in error.

M. ANDERSON, for defendant in error.

DENT, PRESIDENT:

P. H. Rorer, assignee of Earnest Rorer, brought suit in the circuit court of Mercer County against the People's Building, Loan & Savings Association, a corporation of Geneva, N. Y., on a certain stock certificate for eight and one-fourth shares, issued by such corporation on the 1st day of June, 1895. Summons was issued the 24th day of September, 1898, directed to the sheriff of Mercer County, for service in his bailiwick, but on the 28th day of September, 1898, it was served by one William Brown, by delivering a copy thereof to J. C. Noland, the duly-appointed attorney in fact of said corporation, to accept service in the county of Pleasants, his place of residence. On the 14th of November, 1898, judgment was rendered against the defendant by default for the sum of six hundred dollars. On the 15th day of November, 1898, the defendant appeared by attorney, and moved the vacation of such judgment for various reasons, the first being want of jurisdiction in the court to render the same. The defendant also filed its petitions and affidavits asking to be permitted to make defense. The court overruled the defendant's motion, and refused to allow it to make defense. From these rulings the defendant seeks relief in this Court. The principal question insisted upon is want of jurisdiction. The jurisdiction of the circuit court is specified and limited by chapter 123 of the Code; and, while its jurisdiction—being general in its nature—will be usually presumed, it must come within these limitations. The record affirmatively shows that the defendant is a corporation, nonresident of this State, and the only provision by which the plaintiff claims that the circuit court of Mercer County had jurisdiction is under the second clause of chapter 123, Code, as amended by chapter 46, Acts 1897, in words as follows, "Where it does business." He further claims that, because the record is silent, the court will presume the defendant was doing business in Mercer County. The record does not affirmatively show jurisdiction in the court. Admitting that the issuing of stock was business done in Mercer County, its date is the 1st of June, 1895, while the statute requires a present doing of business. On the contrary, it plainly appears from the record that the defendant is not doing business in Mercer County. If it had been, it

would have had an agent therein on whom process could have been served, and it would have been unnecessary to send the process to Pleasants County. The sole reason the statute confers jurisdiction in such cases is because of such agency, as the defendant can do business only by and through agents; and the absence of such agent is proof positive that no business was being done. In the case of *Humphreys* v. *Newport News & M. Val. Co.*, 33 W. Va. 135, (10 S. E. 39), it was held that a "foreign corporation, doing business in this State, having no principal office, or president, or other chief officer resident therein, may be sued in any county wherein it does business, where the cause of action arose out of this State, if process can be legally served in such county." That is to say, if the law does not provide other place of service or suit, it may be brought in the county where the corporation does business, and service may be had on any agent in charge of such business. The jurisdiction is conferred, not because the party does business alone, but because in doing business it furnishes a sufficient agency by which it may be reached by process, the same as if it were a natural person, and has some one in the county to protect its interest. Having jurisdiction for any cause except under section 2, chapter 123, Code, the circuit court may issue its process to any county. But it must first have jurisdiction of the cause of action before it can do this. Not having jurisdiction under any clause of the first section, it could not issue its process to any county except the county of Mercer, which it seems it did, but could not obtain service thereon, which is clear refutation of the alleged grounds of jurisdiction. Any other holding would permit suits against a corporation having a statutory attorney to be brought in any and every county of the State for no other reason than there was such an attorney in the state. This certainly was not the intention of the lawmakers. The court being without jurisdiction, its judgment is void, and it may be vacated on motion. Freem. Judgm. § 98. It is hardly worth while to answer the assertion that defendant's attorney appearing to move to set aside the judgment cured the jurisdictional defect, for this would hardly be doing business within the meaning of the statute, and, if it were, the summons should have been served at that time in that county, and such doing of

business could not be held to relate back to the institution of the suit. For these reasons, the judgment must be reversed and annulled, and the case remanded.

*Reversed.*