## LEMON et al. v. IMPERIAL WINDOW GLASS CO.

(District Court, N. D. West Virginia. October 28, 1912.)

1. COURTS (§ 314*)—FEDERAL COURTS—DIVERSE CITIZENSHIP—CORPORATIONS —"CITIZENS."

A corporation is a mere creature of local law, incapable of having legal existence beyond the limits of the sovereignty creating it, and must be treated as a citizen of the state creating it, within the meaning of the provision of the federal Constitution extending judicial power in federal courts to controversies between citizens of different states.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 860; Dec. Dig. § 314.*

For other definitions, see Words and Phrases, vol. 2, pp. 1164–1174; vol. 8, pp. 7602, 7603.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. CORPORATIONS (§ 52*)—LOCATION—RESIDENCE.

A corporation's residence is fixed by artificial conditions, such as the location of its principal place of business, or the personal residence of its duly appointed attorney in fact, on whom service of process may be made.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 140–150; Dec. Dig. § 52.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. Courts (§ 344*)—Federal Courts—What Law Governs—Process.**

Congress not having fixed any rule with regard to the mode of serving mesne process on corporations in suits in the federal courts, the state law and practice will be followed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.*

Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

**4. Courts (§ 274*)—Jurisdiction—Federal Courts—Corporations—Attorney to Accept Service—Residence.**

Under Code W. Va. § 2313, requiring all domestic corporations, resident and nonresident, to execute and record a power of attorney designating some person within the state as its attorney upon whom process against it may be served, the residence of such an attorney, selected by a nonresident corporation, fixes the county of the attorney's residence as that of the corporation, for the purpose of determining the district in which suit against the corporation in a federal court must be brought.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. § 274.*

Jurisdiction of federal courts over corporations, see note to St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174.]

**5. Corporations (§ 500*)—Pari Materia—Repeal.**

Code W. Va. § 2313, requires every resident domestic corporation to appoint some person, resident in the county where its principal business is conducted, to accept service, and declares that every nonresident domestic corporation shall appoint a resident of the state its attorney for a like purpose; the attorneys appointed by both resident and nonresident corporations being also empowered to make return of the corporation's property in the state for taxation. Acts 1905, c. 39 (Code, §§ 3805–3810), declares that the State Auditor shall be the attorney in fact for and on behalf of every foreign corporation doing business in the state and of every nonresident domestic corporation for the acceptance of service, and also that, in addition to the Auditor, any such company may designate any other person in the state as its attorney in fact to receive service. *Held,* that the act of 1905 did not repeal section 2313, but that the two should be construed in pari materia, since section 2313 authorizes the attorney in fact, not only to accept service of process, but also to make return of the corporation's property for taxation, and relates solely to corporations formed under the state laws, while the act of 1905 includes both nonresident domestic corporations and foreign corporations, doing business within the state, and restricts the power of the Auditor to the acceptance of service.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1912, 1940, 1941; Dec. Dig. § 500.*]

**6. Corporations (§ 507*)—Federal Courts—Jurisdiction—Residence of Parties—Nonresident Domestic Corporation.**

Code W. Va. § 2313, requires domestic corporations, resident and nonresident, to fix the county of their residence within the state by the execution and record of a power of attorney designating some person within the state as attorney on whom process may be served; and Acts 1905, c. 39 (Code, §§ 3805–3810), provides that the State Auditor shall be the attorney in fact for and on behalf of every foreign corporation doing business within the state and of every nonresident domestic corporation, and requires the filing of a power of attorney appointing the Auditor and his successors in office attorney in fact to accept service. *Held* that, where a nonresident domestic corporation filed a power of attorney appointing the State Auditor its attorney to accept service, but did not appoint any other local person its attorney in fact for a similar pur-

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pose under section 2313, the corporation's residence for the purpose of suit, either in the state or federal courts, was not limited to the county wherein the seat of government was located, or where the Auditor had his residence, but service on the Auditor for such corporation rendered it liable to suit in any county or federal district in the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1971–1974, 1976–2000; Dec. Dig. § 507.*]

Action by Monro Lemon, as trustee, and the Columbia Window Glass Company, against the Imperial Window Glass Company. On motion to quash and set aside the service of the summons, accepted for defendant by the Auditor, on the grounds that neither it nor the plaintiffs are or were citizens of the district at the time of the commencement of the suit. Motion denied.

Linn & Byrne, of Charleston, W. Va., for plaintiffs.

Samuel V. Woods, of Philippi, W. Va., and Arnold & Game, of Columbus, Ohio, for defendant.

DAYTON, District Judge. The question here involved is one of jurisdiction arising under local law. So far as known, it has not been determined by any of the courts of last resort, state or federal. At the same time it is one that is of importance and should have an authoritative determination. The undisputed facts involved are:

The state of West Virginia authorizes the issuance by its Secretary of State of charters to two classes of private corporations: First, resident domestic ones, defined to be (section 124, c. 32, Code, § 1046) those "whose principal place of business and chief works (if it have chief works) are located within this state"; and, second, nonresident domestic ones, defined to be those "whose principal place of business or chief works are located without this state."

By section 24, c. 54, § 2313, of the Code, every resident domestic corporation is required within 30 days after organization, by power of attorney, duly executed, to appoint some person, *resident in the county* of the state wherein its business is to be conducted, to accept service, and upon whom process may be served for and on behalf of such corporation. By the same section, every nonresident domestic corporation is required, within 30 days after organization, to appoint by such power of attorney some person *resident in the state* to accept and upon whom service of process may be had on its behalf. This power of attorney is to be recorded in the county where such person appointed attorney resides and is also to be filed with the Secretary of State. These provisions are incorporated into our Code from the Legislative Act of 1887, c. 73. It is to be noted that by this act attorneys appointed by both resident and nonresident domestic corporations are empowered, not only to accept service for and have process legally served upon them on behalf of such corporations, but they are further empowered *to make return* of *its* (the corporation's) *property in the state*

*for taxation.* By subsequent legislation (chapter 39, Acts 1905, incorporated in the Code of 1906 as sections 3805–3810, inclusive) it was enacted that:

"The Auditor of this state shall be, and he is hereby constituted, the attorney in fact for and on behalf of every foreign corporation doing business in this state, and of every nonresident domestic corporation. Every such corporation shall, by power of attorney, duly executed, acknowledged and filed in the Auditor's office of this state, appoint said Auditor and his successors in office, attorney in fact to accept service of process and notice in this state for such corporations, and by the same instrument it shall declare its consent that service of any process or notice in this state on said attorney in fact, or his acceptance thereof endorsed thereon, shall be equivalent for all purposes to, and shall be and constitute, due and legal service upon said corporation."

Subsequent sections of the act relate to fees to be paid, how the Auditor shall notify the corporation of his acceptance of process, and the penalties to be incurred by the corporations failing to comply with the requirements. It is further provided:

"In addition to the Auditor, any such company may designate any other person in this state as its attorney in fact upon whom service of process or notice may be made or who may accept such service. And when such local attorney is appointed, process in any suit or proceeding may be served on him to the same effect as if the same were served on the Auditor."

By article 7, § 1,[1] of the Constitution of the state, it is provided, that the Executive Department shall consist of a Governor, Secretary of State, Superintendent of Free Schools, Auditor, Treasurer, and Attorney General, and that:

"They shall, except the Attorney General, reside at the seat of government during their terms of office, and keep there the public records, books and papers pertaining to their respective offices and shall perform such duties as may be prescribed by law."

The seat of government for the state is Charleston, situate in Kanawha county, in the Southern federal judicial district of the state. This suit was brought in this Northern district by the plaintiffs, Lemon, trustee, a citizen of the state of Pennsylvania, and the Columbia Window Glass Company, a corporation under the laws of Pennsylvania, against the defendant, a nonresident domestic corporation, organized under the laws of West Virginia, having its "principal place of business" in Pittsburg, Pa. It has complied with the requirements of the act of 1905 and appointed the Auditor its attorney in fact to accept process in its behalf. It does not appear to have complied with the act of 1887 in the appointment of any private individual in the state as its attorney and having the power of attorney so appointing him recorded in the county of his residence. It now appears to this suit specially and moves to quash and set aside the service of summons accepted for it by the Auditor, on the grounds that neither it nor the plaintiffs are or were citizens of this district at the time of the commencement of the suit.

[1] In considering this question, it is well for us to remember that a corporation is a mere creature of local law, incapable of

1 Code 1906, p. lxiv.

having legal existence beyond the limits of the sovereignty creating it, and that it must be treated as a citizen of the state creating it, within the meaning of that clause of the Constitution extending judicial power in federal courts to controversies between citizens of different states. Paul v. Virginia, 8 Wall. 168, 19 L. Ed. 357.

[2] Its residence in the state, unlike that of the individual, must by the law be fixed by artificial conditions, such as the location of its principal place of business or the personal residence of its duly appointed attorney in fact.

[3] Further, we are to remember that, Congress not having laid down any rule with regard to the mode of serving mesne process upon corporations, the state law and practice must be followed. Amy v. Watertown, 130 U. S. 301, 9 Sup. Ct. 530, 32 L. Ed. 946.

[4] The act of 1887 (section 2313, Code) clearly requires any domestic corporation, resident or nonresident, to fix and determine the county of its residence, by the execution and recordation of its power of attorney designating some one within the state as its attorney upon whom process against it could be served. In the case of resident domestic corporations, such attorney has to be resident in the county of the state wherein the corporation had its principal place of business. In the case of a nonresident corporation, having no principal place of business in the state, it can select such attorney from the citizenship of the state; but his selection, and the required recordation of the power of attorney appointing him in the county of his residence, unquestionably fixed the county of *his* residence to be that of the corporation, and whether or not such county was within or without this district would determine this court's jurisdiction. It is to be noted that penalties are provided for noncompliance with this act and the right to proceed by attachment and publication as against foreign corporations is given.

[5] The question here at once arises: What effect did the passage of the act of 1905, requiring foreign and nonresident domestic corporations to appoint the State Auditor attorney to accept process have upon the act of 1887? Did it in effect repeal it? I think not, for the very pertinent reason, if for no other, that the two acts were designed to accomplish different purposes. The act of 1887 related solely to corporations formed under this state's laws. It provides, not alone that the corporation by its power of attorney shall empower the attorney appointed thereby to accept process, but also "to make return of its property in this state for taxation." On the other hand, the act of 1905 includes in its provisions, not only nonresident domestic corporations, but also foreign corporations doing business in the state, and restricts the power of the Auditor to accepting process only. Therefore I conclude that the act of 1887 must be held to be in full force in this state, and that the act of 1905 must be held merely supplemental thereto, providing an additional way by which process may be served upon nonresident domestic corporations.

[6] The duty and obligation of such corporations, by the appointment of attorneys resident in some one or other of the counties,

thereby fixing and determining its residence in the state, remains. But, if it does not comply with this statute, does the official residence of the Auditor at the seat of government under the act of 1905 fix such nonresident corporation's residence in the county of Kanawha, wherein such seat of government is, thereby requiring all actions to be brought either in the state courts of Kanawha or the Southern federal district of this state? I think not. The Auditor is an official of the state. The functions of his office are defined and fixed specifically by law, and relate to every county of the state equally and alike, regardless of his residence. He has his official residence by law at Charleston; but his residence as a citizen may be elsewhere in the state, where his property may be situate and his right to vote exists. His acting as attorney in fact to accept process for these corporations is purely a ministerial act required by law of him, and is to be exercised alike in the whole state. The fees derived from his so acting are fixed by the statute, and go to the treasury of the state, not to him individually. He simply acts in the premises as the law's agent or ministerial officer, and his residence, official or private, becomes wholly immaterial. While there has been no known decision of the question by the Supreme Court of Appeals of this state, it is common understanding that the inferior courts of this state have, universally so far as known, adopted this view, and have entertained jurisdiction, and this court has heretofore done likewise.

It is therefore my conclusion that the act of 1887 is in full force; that under it these nonresident domestic corporations are required to fix the place of their residence in the state by appointing an attorney resident in some one of its counties, wherein the power of his appointment must be recorded; that in case of failure to comply with such statute they are liable to be sued in the courts of any of the counties of the state, or in either of the federal districts thereof; and that the person so suing may proceed at his option, either by attachment and publication, or by serving process upon the Auditor, as was done in this case.

The motion must be overruled.