## KAY & ESS CO. v. CHADELOID CHEMICAL CO.

No. 989.

District Court, N. D. West Virginia.

Aug. 31, 1937.

Steptoe & Johnson, of Clarksburg, W. Va., Toulmin & Toulmin, of Dayton, Ohio, and D. H. Hill Arnold, of Elkins, W. Va., for plaintiff.

Price, Smith & Spilman, Howard R. Klostermeyer, and F. L. Thomas, all of Charleston, W. Va., for defendant.

BAKER, District Judge.

The Kay & Ess Company, an Ohio corporation, with its principal office in Dayton, has filed a bill of complaint in the United States District Court for the Northern District of West Virginia, against Chadeloid Chemical Company, a West Virginia corporation. The defendant has appeared specially for the sole purpose of moving, and has moved, to quash the subpœna and the acceptance of service thereon by the auditor of West Virginia, and all process and orders made by or issued out of said court, and to dismiss the complaint for the reason that the United States District Court for the Northern District of West Virginia is without jurisdiction over the person of the defendant company, the defendant being a resident and inhabitant of and found within the Southern District of West Virginia.

It appears from the affidavits filed in support of the motion that the defendant was incorporated under the laws of West Virginia on February 20, 1905; that subsequently, on February 24, 1905, it executed a power of attorney to John Baker White, of Charleston, Kanawha county, W. Va., authorizing said John Baker White to accept service on behalf of said corporation and designating him as the person upon whom service of process could be made or had on behalf of said corporation, and other powers set out therein. This power of attorney was recorded on March 14, 1905, in the office of the clerk of the county court of Kanawha county, W. Va.

The defendant concedes that it does not now have, and has never had, any office, place of business, or property in West Virginia, nor has it ever transacted any business in this state. All of its activities are carried on outside of West Virginia. Since the time of its incorporation in 1905, it has done nothing in West Virginia whatsoever except to send from its principal office and headquarters in New York City to the proper public officials of this state such reports and returns as are required to be furnished by this type of corporation. It is apparent, therefore, that in fact and reality Chadeloid Chemical Company has no real business situs in West Virginia, and its residence within the state, which it acquires by virtue of its incorporation therein, is a legal fiction; and, indeed, it is admitted that the defendant is a nonresident domestic corporation within the definition of West Virginia statutes.

Notwithstanding these facts, the defendant claims that it has a definite and established "residence" in the Southern District of West Virginia, as distinguished from the Northern District, within the contemplation of the acts of Congress defining the jurisdiction of United States District Courts. This contention is based solely upon the fact that on February 27, 1905, the defendant executed a power of attorney designating John Baker White of Charleston, W. Va., as attorney in fact for service of process, and upon a dictum by Judge Dayton in the case of Lemon v. Imperial Window Glass Co. (D.C.) 199 F. 927, decided in 1912.

No West Virginia statute declares that the "residence" of a nonresident domestic corporation which does no business whatsoever in West Virginia shall be fixed in the Southern District of West Virginia, as distinguished from the Northern District; the defendant concedes that chapter

31, article 1, section 72, of the 1931 Code, relates only to venue in the state courts and applies only to the class of suits arising under chapter 31 of the West Virginia Code, and, of course, the present suit involving patent rights clearly does not fall within such classification. Nor is there any decision of the Supreme Court of Appeals of West Virginia which purports to place the residence of such a corporation in the Southern District.

The defendant relies wholly upon an appointment of John Baker White as attorney in fact executed over thirty years ago, together with a dictum by Judge Dayton regarding the legal effect of such an appointment in a case not involving either the same facts or the same statutes which we have to deal with in the present case. The defendant is met by an unsurmountable obstacle at the very outset. The only act upon which it relies as fixing its residence in the Southern District of West Virginia was the appointment of John Baker White as its attorney in fact over thirty years ago. So far as the record shows, his appointment has never been revoked by a formal written instrument, but it is clear from the affidavit of John Baker White himself that it has, in fact, been abandoned. The defendant's real attorney in fact in West Virginia is now, and has long been, the state auditor of West Virginia. It was the state auditor who accepted service of process for and on behalf of the defendant in the present suit.

Assuming that the appointment of John Baker White by the defendant is still to be given consideration, the decision of Judge Dayton in Lemon v. Imperial Window Glass Company can afford no comfort to the defendant, for he held that the Imperial Window Glass Company, the nonresident domestic corporation which was the defendant in that suit, was a resident of the Northern District of West Virginia, it having appointed the state auditor as its attorney in fact. It is pointed out in that opinion that the state auditor, in acting as attorney in fact for nonresident corporations, is not to be considered merely a resident of Kanawha county in the Southern District, but that his residence, powers, and authority, as such public officer, are state wide. This concept of the function of the state auditor in acting for such corporations was recently approved by the Circuit Court of Appeals for the Fourth Circuit in a case which went up from this court,

Massachusetts Bonding & Insurance Co. v. Concrete Steel Bridge Co., 37 F.(2d) 695.

Prior to 1905, when a nonresident domestic corporation was chartered in West Virginia, it was required to appoint some private individual as its attorney in fact for service of process, there being no provision in the statutes for the state auditor to act in such capacity. On February 22, 1905, the West Virginia Legislature passed a new act (chapter 39 of the Acts of 1905), requiring such corporations to appoint the state auditor as its attorney in fact. The pertinent parts of this statute are as follows:

"Sec. 1. The auditor of this state shall be, and he is hereby constituted, the attorney in fact for and on behalf of every foreign corporation doing business in this state, and of every non-resident domestic corporation. Every such corporation shall, by power of attorney, duly executed, acknowledged and filed in the auditor's office of this state, appoint said auditor, and his successors in office, attorney in fact to accept service of process and notice in this state for such corporations, and by the same instrument it shall declare its consent that service of any process or notice in this state on said attorney in fact, or his acceptance thereof endorsed thereon, shall be equivalent for all purposes to, and shall be and constitute, due and legal service upon said corporation. * * *

"Sec. 2. * * * all such corporations as have heretofore taken out charters, or procured authority to do business in this state, shall for the fiscal year commencing on the first day of May, nineteen hundred and five, pay the sum of ten dollars to the auditor as the fee for such attorney to receive service of process, and annually thereafter a like sum, and such corporation shall not be required to pay any fee to the person who may have been heretofore appointed its attorney to receive service of process. * * *

"Sec. 3. The postoffice address of such corporation shall be filed with the power of attorney, and there shall be filed with the auditor from time to time statements of any changes of address of said corporation. * * *

"Sec. 4. In addition to the auditor, any such company may designate any other person in this state as its attorney in fact, upon whom service of process or notice may be made or who may accept such service.

And, when such local attorney is appointed, process in any suit or proceeding may be served on him to the same effect as if the same were served on the auditor. * * *

"Sec. 6. Any corporation failing to comply with the provisions of this act in so far as it relates to the appointment of the auditor * * * shall forfeit one hundred dollars as a penalty for such failure, and upon a failure to pay such penalty the charter of such corporation shall thereby be forfeited and be void."

It is clear, especially in view of the express language of section 4, that after the passage of this 1905 act it was no longer mandatory for a nonresident domestic corporation to appoint any private individual as its attorney in fact. Nevertheless, on February 27, 1905, five days after the passage of the new act, the defendant, Chadeloid Chemical Company, executed the power of attorney to John Baker White upon which it now relies. The defendant did not, however, either then or at any subsequent time, comply with the provisions of section 1 of the new act by executing and filing a power of attorney appointing the state auditor as its attorney in fact. Of course, the defendant cannot profit by its own noncompliance with the statute, and the defendant concedes in its brief that actually the state auditor has been authorized to act and function as its attorney in fact in West Virginia, even without the execution and filing of any formal power of attorney, since the 1905 act was adopted; it was so held by the Circuit Court of Appeals for the Fourth Circuit in Wylie Permanent Camping Co. v. Lynch, 195 F. 386. Moreover, if the defendant had complied with the statute and filed such power of attorney, it could have designated therein, as expressly provided for in section 3 of the 1905 act, its "post office address"; had it so desired, the defendant could have thereby designated and established a definite residence in West Virginia, but this it failed to do.

In 1907, another change was made in this statute by chapter 9 of the Acts of the Extraordinary Session of 1907. The 1907 act amended and re-enacted section 24a of chapter 54 of the Code (1923) in its entirety. If the act of 1887 (chapter 73) referred to by Judge Dayton in his opinion in the Imperial Window Glass Company Case was not impliedly repealed by the 1905 act, it was clearly expressly repealed and superseded by the 1907 act.

The statute was again amended by the Legislature in 1915 by chapter 3 of the Acts of the Second Extraordinary Session of that year. The new statute then enacted provided that the state auditor should be attorney in fact for all nonresident domestic corporations and that it would not be necessary for such corporations even to execute a power of attorney to such effect. In incorporating this statute into the Revised Code of 1931 (Code W. Va.1931, 31-1-71), the revisers omitted from it entirely any reference whatsoever to the appointment of a private individual as attorney in fact, the state auditor being designated as such attorney in fact for all domestic corporations, whether resident or nonresident. Revisers' note to the statute (chapter 31, article 1, section 71) is as follows: "Corporations may, if they so elect, appoint any person attorney in fact for the same purpose, but such appointment will not impair the powers of the auditor as such attorney."

Thus, as we study the history and development of the West Virgina statutes on this subject, we find that since the passage of the 1905 act, the state auditor of West Virginia has been the attorney in fact for all nonresident domestic corporations, and the appointment of some private individual, while permitted, has not been allowed to usurp the function of the state auditor in that respect. I find that Judge Dayton was in error when he assumed, as a basis for his dictum in the Imperial Window Glass Company Case, that the old act of 1887 was still in effect; in fact, it had been repealed by either the act of 1905 or the act of 1907, and a fortiori, in view of the subsequent amendments of 1915 and 1931, is not in effect now.

Thus, the situation of the defendant is reduced to this: Its chief attorney in fact in West Virginia, which it was required by statute to appoint, under penalty of fine and forfeiture of its charter, was and has always been the state auditor; and, this being true, if the appointment of an attorney in fact is the thing which fixes the residence in West Virginia of a nonresident domestic corporation, then the defendant has always been, and is now, just as much a resident of the Northern District of West Virginia as of the Southern District. It is too late now to contend that

the residence of the state auditor, in acting as attorney in fact for nonresident domestic and foreign corporations, is confined to the Southern District; on the contrary, he exercises an authority which is state wide in scope, and not merely limited to the district where his official residence happens to be located. This question was conclusively settled by the Circuit Court of Appeals of the Fourth Circuit in Massachusetts Bonding & Insurance Co. v. Concrete Steel Bridge Co., 37 F.(2d) 695, 700.

It is highly significant that in its bill of complaint filed in the suit instituted by it against the plaintiff in the District Court of the United States for the Eastern District of New York in May, 1935, the defendant in effect alleged, under oath, that its residence in West Virginia was state wide. Quoting from page 1 of this bill of complaint, which is filed as Exhibit 4 with the plaintiff's bill in the present suit: "The plaintiff Chadeloid Chemical Company is a corporation duly organized and existing under the laws of the State of West Virginia, and is a resident and inhabitant of the District of West Virginia."

Here we have the admission by the defendant that its residence is not confined to any particular county or place in West Virginia.

Even if it should be assumed that the defendant company has, in fact, an established residence in the Southern District of West Virginia, its challenge to the jurisdiction (or more properly, the "venue") of this court is met at the outset by the fact that the defendant has itself already accepted service of both the process and the temporary restraining order in this suit. The effect of acceptance of service by the state auditor upon behalf of a corporation was settled in this circuit in Massachusetts Bonding & Insurance Co. v. Concrete Steel Bridge Co., supra, wherein Judge Northcott said: "It is not necessary to decide the question as to whether the service by the marshal of the Southern district was, under the circumstances good, because the auditor accepted service, and we have seen from the authorities quoted above, that such acceptance has the same legal effect as the personal acceptance by the defendant bonding company, duly authorized by its officials."

Later on in the opinion, in holding that the defendant's motion to quash the writ came too late after service had been ac-

cepted by the auditor, it is said: "Under the circumstances found here we are of the opinion that the defendant's motion to quash the writ came too late. A number of authorities cited and relied upon by attorneys for appellant deal with the service of process by the marshal, and have no application to the acceptance by the auditor on behalf of the bonding company."

The defendant, Chadeloid Chemical Company, is thus put in the position of attempting to challenge the venue of a court, although it has already accepted service not only of the process but also of a restraining order emanating from that court. The acceptance by the state auditor in the present instance was unqualified, and it was at least inferentially held in Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119, that an unqualified acceptance of process by a defendant would waive any objections to the jurisdiction of the federal District Court issuing the process, even though the defendant did not reside in that district. In Senitha v. Robertson, 45 F. (2d) 51, 53, decided by the Fourth Circuit Court of Appeals in 1930, the case of Butterworth v. Hill, supra, was commented upon. The Circuit Court of Appeals there held: "The provisions of the statute requiring that suit or action be brought in the district of which the defendant is an inhabitant is not jurisdictional, but merely accords a personal privilege respecting venue, which the person sued may assert or may waive."

Service of process emanating from the Northern District in the present suit having been accepted by the defendant, and it having also accepted service of the temporary restraining order, the defendant company has waived any personal privilege as to venue, even assuming it could be considered a resident of the Southern District.

The defendant's jurisdictional point is highly technical and evidently was interposed for the purpose of delay. The gist of the jurisdictional objection is that the defendant ought to be sued in the Southern District of West Virginia rather than the Northern. Yet, the defendant has no office, place of business, property, or business situs in the Southern District, any more than it has in the Northern District. There is absolutely no reason shown why there should or will be any hardship upon the defendant in litigating the present controversy in the Northern District of West

Virginia. It stands here in the position of claiming the right to elect which district this litigation shall be conducted in, although it admittedly has no property, business, office, or activities in either district. As was said by Judge Northcott in the Concrete Steel Bridge Case: "The trend of modern decisions is to disregard technical objections to matters that do not work hardships upon or do injustice to litigants."

It therefore follows that the defendant's motion, challenging the jurisdiction of this court, is overruled and denied.