L. Sonneborn Sons, Inc. *v.* Ansonia Copper & Iron Works, *a Corporation*

(CC 612)

Submitted October 3, 1939. Decided December 12, 1939.

*Erskine, Palmer & Curl,* for plaintiff.
*Nesbitt & Nesbitt,* for defendant.

Kenna, Judge:

This certification involves a question which arose in the Circuit Court of Ohio County upon that court's sustaining a demurrer to a plea in abatement filed by the defendant, Ansonia Copper & Iron Works, to the declaration of the plaintiff, L. Sonneborn Sons, Inc.

The plea in abatement alleges that the defendant was incorporated and exists under the laws of this State with its principal office located in Cincinnati, Ohio; that since the time of its incorporation, it has had no chief officer residing in this State and that it has had no office, works or place of business located here, but that its principal place of business has always been located in the State of Ohio; that the defendant has never done business in this State; that the plaintiff corporation has never resided in

the State of West Virginia, but that its residence has always been located in the State of Delaware, and that it is a Delaware corporation; that no part of the cause of action alleged in the plaintiff's declaration arose in this State but in the State of Ohio and in the State of Pennsylvania; that no part of the alleged cause of action grew out of the rights of stockholders touching corporate management of the defendant corporation; and that there has been no return of process in the action with the exception of the summons, service of which was accepted by the Auditor; the defendant, therefore, prays judgment if the Circuit Court of Ohio County will take cognizance of this action.

The assigned grounds of demurrer are that the plea in abatement shows upon its face that the defendant corporation is incorporated under the laws of this State and maintains its principal place of business in the State of Ohio, and shows further that the Auditor of West Virginia, authorized by statute to do so, did in fact accept service of process on behalf of the defendant. A further ground of demurrer urged in this Court is that the plea in abatement does not give to the plaintiff a better writ. The latter question was not one of the specified grounds of demurrer and is, therefore, not to be considered upon this review as being among the questions certified.

The written opinion of the trial judge is based primarily upon an opinion of the United States District Court for the Northern District of West Virginia rendered in October, 1912, followed by an opinion of the same court rendered in 1937. The first Federal holding in the case of *Lemon et al.* v. *Imperial Window Glass Co.*, 199 F. 927, is to the effect that a domestic non-resident corporation with none of its principal officers residing in this State can be sued in any county and required to respond to process served upon the Auditor if it has failed to comply with the provisions of chapter 73, Acts of 1887, former Code serial section 2313, which then required every resident domestic corporation to appoint a resident of this State attorney in fact for the service of process. The subsequent

Federal holding was in the case of *Kay & Ess Co. v. Chadeloid Chemical Co.*, 20 F. Supp. 653, and disregarded the distinction drawn in the *Lemon* case between corporations that had and those that had not complied with Code of 1906, section 2313, due to the fact that that section had been repealed by either chapter 39 of the Acts of 1905 or chapter 9 of Acts, Ex. Sess., 1907. The opinion in the *Lemon* case, in arriving at its conclusion held that the act of the 1905 Legislature providing for service upon the State Auditor did not repeal Code 2313. Viewing these two Federal holdings as conflicting for the reason that one holds Code 2313 in effect while the other holds it repealed, the reasoning in the latter would apply to existing conditions while the former would not, because Code 2313 was not included in the codification and revision of the general statute law of this State adopted by the legislative session of 1931, and hence came within the general repealer contained in the act of adoption. Since the *Lemon* opinion was based upon the construction of this section read *in pari materia* with the act of 1905 constituting the Auditor the attorney in fact for every foreign and non-resident domestic corporation the foundation for that conclusion is at the present time non-existent.

Both the *Lemon* case and the *Kay* case, as well as the opinion of the United States Circuit Court of Appeals for the Fourth Circuit in the case of *Mass. Bonding & Ins. Co. v. Concrete Steel Bridge Co.*, 37 F. (2d) 695, we believe, fail to place the proper construction upon the provision of the constitution of this State fixing the place of residence of the Auditor at the seat of government. Constitution, Art. VII, Sec. 1. It may be that it is sound logic to reason that his individual domicile should be distinguished from his official residence, but we cannot agree that the result is that he has an artificial official existence which extends his official residence to every county in the State. We feel that we are not here concerned with the question of his private domicile. The question before us is to determine the situs of an official act.

At common law, the jurisdiction (venue) of a transitory action lay in any county where the defendant could be served with process. This rule was held not to be repealed by implication by our statute establishing venue. *Vinal* v. *Core and Compton* (1881), 18 W. Va. 1, 21, 23. The case of *Humphreys* v. *Newport News & M. V. Co.* (1889), 33 W. Va. 135, 10 S. E. 39, held that in a transitory action, a foreign corporation could be sued in any county wherein it does business where the cause of action arose outside the State if process could be legally served in that county. In the case of *Rorer* v. *People's Building, Loan & Savings Association* (1899), 47 W. Va. 1, 34 S. E. 758, where the question was primarily whether it would be presumed that a corporation was doing business in a county to the sheriff of which process was directed, the court held that the record plainly disclosed that the defendant was not doing business in Mercer County where the suit was brought and for that reason, the default judgment should have been set aside. In passing, it may be noted that the process directed to the sheriff of Mercer County was served upon J. C. Nolan, attorney in fact of the defendant corporation, in Pleasants County. This language appears in that opinion, which we believe contradicts the conclusion reached in the *Kay* case: "Any other holding would permit suit against a corporation having a statutory attorney to be brought in any and every county of the State for no other reason than there was such an attorney in the state. This certainly was not the intention of the lawmakers." (page 3).

Formerly, our venue statute, Code, 56-1-1, 1923 Code, chapter 123, section 1, was held to extend the venue of our circuit courts. *Vinal* v. *Core and Compton*, 18 W. Va. 1. After that construction was placed upon it, it was re-enacted and its language altered so that the legislative purpose to restrict the venue of the circuit courts became apparent and the statute was so construed in *Rorer* v. *People's Building, Loan & Savings Association*, 47 W. Va. 1, 34 S. E. 758.

We have cited the foregoing cases not because they

have any direct bearing upon the question before the Court, but for the reason that it is our belief that they are indicative of the fact that this Court in its discussions and findings has in no case adhered to nor followed the line of reasoning that is followed in both the *Lemon* and the *Kay* cases.

We have examined with interest the opinion of the United States Supreme Court handed down November twenty-second in *Neirbo Company et al.* v. *Bethlehem Shipbuilding Corp., Ltd.,* 308 U. S. 165, 60 S. Ct. 153, 84 L. Ed. 123, as well as the dissenting opinion prepared by Mr. Justice Roberts and concurred in by the chief justice and Mr. Justice McReynolds, which involved a somewhat similar question arising in the Second Circuit. It has no direct bearing upon the questions involved in this case, although the question decided rested upon the appointment by a foreign corporation of an agent for the service of process.

But we believe that the solution of the problem arising in this case is simplified by sub-section (b) of Code, 56-1-1, which reads as follows:

"(b) If a corporation be a defendant, wherein its principal office is, or wherein its mayor, president or other chief officer resides; or if its principal office be not in this State, and its mayor, president or other chief officer do not reside therein, wherein it does business; or if it be a corporation organized under the laws of this State, which has its principal office located outside of this State, and which has no office or place of business within the State, the circuit court of the county in which the plaintiff resides or the circuit court of the county in which the seat of state government is located shall have jurisdiction of all actions at law or suits in equity against such corporation, where the cause of action arose in this State or grew out of the rights of stockholders with respect to corporate management; * * *."

We are of the opinion that the quoted section confers venue, that its provisions are exclusive, subject to the exception hereinafter mentioned, and that when it is

sought to take advantage of its terms by plea in abatement tendered in due time, the proper procedure is followed. The plea filed in this case negatives the existence of each of these statutory grounds of venue, including the residence of the plaintiff. We, therefore, believing that the Federal cases discussed reach an incorrect conclusion and that the plea in abatement, if sustained by proof, will require that this action be dismissed, reverse that holding of the Circuit Court of Ohio County and remand the case to be further proceeded with in accord with this opinion.

A problem with which we are not directly confronted consists of the question: Where does territorial jurisdiction or venue lie in this State against a corporation which is not reached by any specific provision of our venue statute and which owes its legal existence to the laws of this State? Such an artificial entity cannot be entirely disregarded by the state to which it owes its existence. 8 Fletcher Cyc. Corporations (Perm. Ed.), sec. 4025; 4 Thompson Corporations (3d Ed.), sec. 3028. The provisions of Code, 31-1-72, were enacted in recognition of the fact that our venue statute covered the question of where corporations, both domestic and foreign, doing business in this State could be sued. It did not and does not touch upon the question of where a domestic corporation, non-resident and doing no business in this State may be sued. Chapter 31 is the general statutory law of this State affecting domestic corporations; so that, broadly construed, section 72 of article 1 of that chapter applies generally to corporations of that class. This places venue of actions against such corporations at the seat of government.

*Reversed.*