# CHARLESTON.

SOVEREIGN COAL COMPANY v. BRITTON.

Submitted February 1. 1916.    Decided February 8, 1916.

1. JUSTICES OF THE PEACE—*Civil Jurisdiction—Extent.*

   The civil jurisdiction of a justice in this state is limited to cases where ''the cause of action arose in his county, or the defendant or one of the defendants reside therein, or being a non-resident of the state is found or has property or effects within the county.'' §16, ch. 50, Code.    (p. 567).

2. SAME.

   Such jurisdiction is not enlarged or extended by the statutory provisions relating to service of process.    (p. 567).

Prohibition by the Sovereign Coal Company against J. M. Britton, Justice of the Peace.

*Writ awarded.*

*Brown, Jackson & Knight* and *Geo. S. Couch,* for petitioner.

*H. W. Houston,* for respondent.

LYNCH, JUDGE:

Eleven plaintiffs severally brought actions before J. M. Britton, a justice of Kanawha county, against Sovereign Coal Company, a corporation of the state of Virginia doing business in this state, its coal mining oporations being located and conducted at Sovereign in Logan county.    The plaintiff in each action sued to recover five dollars, alleged to be due on contract.    The state auditor accepted service of process, pursuant to §24a, ch. 54, Code, amended by §1, ch. 3, Acts 1915, 2nd Ex. Sess.

The Sovereign Coal Company by petition prayed the issuance of a writ to prohibit the justice from further proceeding in the actions.    Therein it alleged that before or since the institution of the actions it did not have an office or place of business or any property or effects of any character in Kanawha county; that the causes of action sued on, if any exist, did not accrue in Kanawha but in Logan county, wherein it then had a superintendent residing at Sovereign in charge

of its principal office and place of business and of its coal mining operations. To the citation to show cause against award of the prohibitive writ, Britton did not respond or in anywise appear, except by demurrer to the petition and motion to quash the rule. The truth of the allegations made in the petition is admitted by the demurrer and in the brief of defendant.

Section 1 of chapter 50, Code, says "the civil jurisdiction of a justice of the peace shall extend througout the county in which the district is for which he was elected"; and section 16 that "the civil jurisdiction of a justice shall not extend to any action unless the cause of action arose in his county, or the defendant * * * reside therein, or being a non-resident of the state is found or has property or effects within the county". But, notwithstanding these express provisions, it is contended that the acceptance of service by the auditor for and on behalf of defendant conferred on the justice jurisdiction to hear the parties and determine the matters involved in the several actions.

In precise and positive terms, section 16, so far as applicable to the instant case, limits and restricts action cognizable by justices to those the causes or bases of which arose in the county wherein the justice was elected, or where the defendant resides, or being a nonresident is found or has property or effects. These facts are jurisdictional. If the causes of action did not arise in Kanawha county, and defendant did not reside therein, or being a nonresident corporation was not found in the county, and did not have any property or effects therein, by virtue of what authority can it be said the justice may take cognizance of the causes of action? Whence cometh his jurisdiction? He can not exercise any authority not expressly conferred by statute. Whatever power he may possess must find its source in some statutory enactment. Otherwise, his acts are inefficacious and void, or he may be prevented from acting by writ of prohibition.

But it is further contended that sections 34 and 35 of chapter 50, and section 24a of chapter 54, warrant the jurisdiction assumed by Britton in the several actions before him. This argument would be more forceful and persuasive if the causes of action had arisen in Kanawha county. But, upon the facts

before us, conceded to be true, the argument fails to note the distinction, pointed out in *Quesenberry* v. *Association*, 44 W. Va. 512, between the territorial and causal jurisdiction of justices conferred by section 16, and the place of service of process to answer whereby the justice obtains jurisdiction of the person of the defendant. We are not now concerned with processes of attachment cognizable by justices. Such proceedings are not involved. The sole question considered is whether, conceding want of authority under section 16 to maintain the actions sought to be prohibited, the sections cited relating to service of process confer jurisdiction notwithstanding the express mandate of section 16. Or, stating the question in different terms, do statutory provisions regarding the manner of acquiring jurisdiction of the person by service of process confer jurisdiction of the cause of action, when another section of the same chapter expressly restricts the jurisdiction of a justice to causes of action arising in his county? The exceptions noted in section 16 are not involved; because the petitioner alleges and the justice admits defendant is a Virginia corporation, and hence technically a nonresident of this state, and was not found in Kanawha county and had no property or effects therein. Whether by compliance with the requirements of our statutes regarding foreign corporations as a prerequisite to the privilege of doing business in this state defendant became a quasi-domestic corporation and as such a resident of this state we do not decide, because the question is immaterial upon this inquiry.

We think it obvious that sections 34 and 35 of chapter 50 were not intended to render nugatory the provisions of section 16 as to the jurisdiction of causes of action therein virtually denied, or to enlarge a jurisdiction thereby prescribed. They do not purport to have that effect. Their plain intendment and scope, as we apprehend, was to provide the manner of securing jurisdiction of the person of defendant when the justice had jurisdiction of the cause of action, and not otherwise.

Any other construction would permit a justice of any county in the state to issue a summons at the instance of a claimant against a nonresident corporation doing business in this state, requiring it to answer the complaint, however re-

mote the county might be from that wherein the cause of action arose, whether defendant or any if its authorized agents was found in the justice's county or whether it had property or effects therein. Surely, the legislature did not intend to confer on justices that power, or to clothe them with such ample authority. On the contrary, it wisely limited and restricted them to causes of action arising in their counties, and properly confers jurisdiction when defendant resides in the county, or being a nonresident has property or effects therein, although the cause of action arose in a different county. To require appearance before such officials for the determination of rights and liabilities, under such authoritiy, ordinarily does not impose an undue burden on the defendant; while appearance elsewhere might, and in many instances no doubt would, become unduly burdensome.

This construction is not inconsistent with the holding of the federal court in *Lemon* v. *Glass Co.,* 199 Fed. 927. That case involved the construction of the statute naming the auditor as the person on whom process against a nonresident corporation may be served. But the proceeding was in a court that had jurisdiction of the cause of action as well as the person of the defendant. The question arose upon a motion to quash the summons, on the ground that by acceptance of service by the auditor the court did not acquire jurisdiction of the parties, as neither of them was then a citizen of the district. It was held, however, that service on the auditor rendered the foreign corporation liable to an action in any county or federal district in the state. But it was not held that the acceptance of service of process by the auditor conferred jurisdiction of a cause of action expressly denied to that court.

Petitioner is entitled to the writ prayed, and our order will award it as to all the actions pending before the justice.

*Writ awarded.*