# CHARLESTON.

## HAYMAN, ADM'R. v. MONONGAHELA CONSOLIDATED COAL AND COKE COMPANY.

### Submitted October 9, 1917.    Decided October 23, 1917.

1. CORPORATIONS—*Foreign Corporations—"Doing Business in the State."*

    A foreign private corporation, maintaining no office or agency in this State, which transports its products to market in its own barges and by means of its own steamboats along the Ohio River from Pittsburg to Cincinnati, Louisville and other points, not in this State, is not thereby doing business in West Virginia, within the meaning of chapter 124 of the Code relating to service of process. (p. 147).

2. SAME—*Foreign Corporations—"Agent" to Accept Process—Captain of Steamboat.*

    Nor is the captain of one of its steamboats, temporarily taking refuge along the West Virginia shores from the perils of navigation caused by floating ice in the river, an agent of such corporation within the meaning of any of the statutes of this State authorizing service of process or notice on the agent of a foreign corporation. (p. 147).

3. JUDGMENT—*Attachment—Opening Default—Right to Make Defense—Statute.*

    A party, including a non-resident corporation, against whom an attachment has issued, on order of publication, and against whose property, levied on thereunder, judgment has been rendered, who has made no appearance to the action, has an absolute right by virtue of Sec. 25, Ch. 106, Code, within the time therein designated, on giving security for the costs that have accrued and may thereafter accrue, to have the case reopened, and to be permitted to make defense thereto, unless he has been served with a copy of the attachment or with process in the suit more than sixty days before the date of the judgment. (p. 147).

Error to Circuit Court, Mason County.

Trespass on the case by Charles R. Hayman, administrator, etc., against the Monongahela River Consolidated Coal & Coke Company, with order of attachment. There was an order of attachment and a judgment against its property, its motion to quash the order of sale was overruled, and its mo-

tion to file a petition for rehearing was denied, and defendant excepts and brings error.

*Reversed, and cause remanded.*

*Rankin Wiley, Chas. E. Hogg,* and *Robt. L. Hogg,* for plaintiff in error.

*John L. Whitten, Musgrave & Blessing* and *Somerville & Somerville,* for defendant in error.

WILLIAMS, JUDGE:

The Monongahela Consolidated Coal and Coke Company, a foreign, non-resident corporation, hereinafter denominated the defendant, was sued in trespass on the case, and proceeded against by order of publication. On the 3rd of January, 1914, plaintiff made affidavit that he was about to institute such action against defendant, stating the nature of his claim and the amount, at the least, which he believed he was justly entitled to recover in the action, and, as a ground for an attachment, that defendant was a non-resident; and at the same time another affidavit that he was a poor person and unable to give bond. Upon these affidavits an order of attachment was issued, returnable to the next term of court. The sheriff received it on the 27th of January and levied it on the same day on eight of defendant's barges in the Ohio River, in Mason county. On the 21st of February, 1914, another attachment was issued, and levied, on the 4th of March, on defendant's steamboat "Valiant" then in the Kanawha River, in Mason county. A copy thereof was also delivered to F. H. Wilkins, captain of the steamboat. Defendant was not served with summons and made no appearance to the action. On June 10, 1914, a jury was impaneled and assessed plaintiff's damages at $2,975, the amount alleged in his declaration, and judgment *in rem* was thereon rendered against the attached property and the sheriff directed to sell the same as under execution. Pursuant thereto he published notice, that on the 30th day of December, 1914, he would sell the attached steamboat for cash sufficient to pay the said sum of $2,975, and interest thereon from the 10th of June, 1914.

Defendant appeared by counsel on the 24th of December, 1914, at a special term of the court, after due notice to plaintiff, and moved to quash the order of sale. The court overruled its motion, but required plaintiff to give bond with good security to be approved by the clerk of the court in the penalty of $6,000, conditioned to perform such future order as might be made in the suit, in case defendant should appear and make defense within the time prescribed by law, and directed the sheriff to adjourn his sale until the 9th of January, 1915. On the 10th of February, 1915, defendant appeared by counsel, and tendered and asked leave to file its petition in the cause praying to have the case reheard, according to the provisions of Sec. 25, Ch. 106, Code, and signified its readiness to give such bond as is required by said statute. Plaintiff appeared by counsel and resisted the filing of the petition, and the matter was set down for argument. On the 30th of March, 1915, the sheriff was permitted to amend his return to the attachment which was issued on the 21st of February, and levied on the 4th of March, 1914, by stating therein that he delivered a copy of the order of attachment to F. H. Wilkins, master of the steamboat ''Valiant'', ''he being an agent of the said Monongahela Consolidated Coal and Coke Company, in the actual employment of said defendant, the Monongahela Consolidated Coal and Coke Company, a Corporation, in Mason County, West Virginia, there being no mayor, president, or other chief officer of said corporation, or any person appointed pursuant to law to accept service of process for said Corporation, within the County or State, and there being no secretary, treasurer, or cashier of said Corporation, within the said County or State, and there being no trustee, director or visitor of said Corporation, within the State, and there being no other person within the said State of West Virginia, upon whom service of process can be had.''

On the 31st of March, 1916, at a special term, defendant's motion that it be permitted to file its petition was argued by counsel and overruled, and the right to file such petition denied, and defendant took a bill of exceptions making the petition a part of the record.

Defendant avers in said petition that it is a corporation created, organized and doing business under the laws of Pennsylvania, having its principal office and place of business in that state and is engaged in mining, marketing and ship-. ping coal; that it markets its coal in Cincinnati, Louisville, Cairo, Memphis, New Orleans and other southern and western points, but that it has never done any business in the state of West Virginia, nor, at any. time, had any agents,. officers or employes within the state of West Virginia for any purpose whatsoever, nor designated any person within said state upon whom process or notice could be served; that at the time the said two attachments were levied upon its barges and the towboat ''Valiant'', they were simply returning from trips they'had made to points in the south and west, and by reason of perils to navigation due to high water and ice in the Ohio River, had taken shelter on the West Virginia shore, and were compelled to remain there until the danger was over, before returning to port at the City of Pittsburg; that while they were thus sheltering along the West Virginia shore the aforesaid attachments were levied; and that the only business of said F. H. Wilkins, mentioned in the return to the attachment, was to act as pilot and captain of said steamboat. It prayed that the proceedings might be reviewed and reheard and it might be permitted to make any proper defense thereto.

Plaintiff's counsel insist that defendant is not entitled to have the case reopened, because of a provision in Sec. 25, Ch. 106, the statute invoked by it, saying it ''shall not apply to any case in which the petitioner, or his decedent, was served with a copy of the attachment, or with process in a suit wherein it issued, more than sixty days before the date of the judgment or decree, or to a case in which he appeared and made defense.'' It is admitted that defendant was not served with process and made no appearance. But plaintiff's counsel contend that service of the order of attachment upon F. H. Wilkins, captain of the steamboat, in Mason county, more than sixty days before the judgment, was suf-· ficient service upon the defendant, that the sheriff's return shows F. H. Wilkins defendant's agent in said county, and

the only person upon whom service could have been made.
Defendant being a foreign corporation, a copy of the order
of attachment must have been served upon some officer or
agent of defendant doing business for it in this State. In
other words, it must be such service as would authorize rendi-
tion of a personal judgment if the writ served were a sum-
mons. At common law process could not be served upon a for-
eign corporation, and no provision is contained in the statute
law of this state for obtaining personal service upon a foreign,
nonresident corporation, not doing business in the state. Sec.
7, Ch. 124, Code, does not apply to such corporation. The
return does not show that F. H. Wilkins was an agent of
defendant residing in Mason county, and it does not appear
that defendant had ever at any time done business in this
state, or maintained an agent therein for that purpose. At
the time defendant's steamboat captain was served with a
copy of the attachment he was within the territorial jurisdic-
tion of the court, but it is not shown he was there for the
purpose of doing business. He was on a navigable river, a
national highway, where he had a perfect right to be with-
out subjecting his non-resident employer to the process of
the courts of the state. Defendant's property found in the
state was liable to attachment, but it could not be brought
into the court, against its consent, in order that a personal
judgment might be taken against it. Without personal ser-
vice upon defendant, or its equivalent, within the jurisdic-
tion of the court, or its voluntary appearance to the action,
a personal judgment against it, if one had been rendered,
would have been void as being without due process of law.
See leading case of *Pennoyer* v. *Neff*, 95 U. S. 714. That
rule applies to foreign corporations. *St. Clair* v. *Cox*, 106
U. S. 350. Service of a copy of the attachment, as provided
in Sec. 25, Ch. 106, must be the same character of service.
Defendant was not a common carrier, and transporting its
own products along the Ohio River, a navigable stream with-
in the limits of West Virginia, from Pittsburg to points in
Ohio and Kentucky, was the exercise of a natural right
which the state could not interfere with, and did not con-
stitute doing business in the state of West Virginia, within

the meaning of any of the provisions of chapter 124, relating to the service of process upon foreign corporations. 3 Cook on Corp., Secs. 700 and 758. A mere soliciting agent, employed by a foreign corporation, to take orders at rates dictated by the home company and subject to its approval, but without authority to make definite contracts, has been held not an agent, within the meaning of a state statute authorizing service of process upon an agent of a foreign corporation. *Boardman* v. *S. S. McClure Co.*, 123 Fed. 614; *Saxony Mills* v. *Wagner & Co.*, (Miss.), 47 Sou. 899; *McGuire* v. *Great &c. Ry.*, 155 Fed. 230. An agent of a foreign corporation, sent into the state of Missouri to investigate plaintiff's claim for damages for personal injury, was held not to be transacting business for his corporation, within the meaning of a Missouri statute, and such person not such agent upon whom service of process might be had under a statute authorizing service of process upon an agent of a foreign corporation, doing business in the state. *Painter* v. *Colorado &c. R. R. Co.*, 104 S. W. 1139. A foreign corporation, by maintaining an agency within a state to solicit shippers to direct the local carriers, to whom property is delivered for transportation, to bill it over its line, is held not to be doing business in a state, within the meaning of a statute providing that service of process upon a foreign corporation doing business in the state may be had upon an agent. *Berger* v. *Pennsylvania R. R. Co.*, 27 R. I. 583, 9 L. R. A. (N. S.) 1214. See also numerous cases collected by the publishers in a note to that case.

In view of the foregoing authorities and numerous others that might be cited of similar import, we are impelled to hold that, by simply transporting its products by means of its own private barges and steamboats along the Ohio River from Pennsylvania to points south and west of this state, and returning to Pennsylvania, defendant is not doing business within this state, and service of process upon one of its steamboat captains or pilots within this state, is not service upon its agent within the meaning of any of the statutes of the state authorizing service of process upon the agent of a nonresident corporation. Defendant had a right, therefore, to

file its petition, under Sec. 25, Ch. 106, Code, and to have the judgment set aside and the cause reheard.

The judgment is reversed and the cause remanded for further proceedings.

*Reversed, and cause remanded.*