MORTON HAYES CRAWFORD

*v.*

R. E. CARSON AND PACKARD
MOTOR CAR COMPANY, *A Corporation*

(CC 807)

Submitted September 22, 1953. Decided November 10, 1953.

*Linn Mapel Brannon,* for plaintiff.

*Steptoe & Johnson,* and *Kingsley R. Smith,* for defendants.

LOVINS, JUDGE:

This case comes to this Court on certificate from the Circuit Court of Lewis County.

Morton Hayes Crawford instituted an action of trespass on the case against R. E. Carson and Packard Motor Car Company, a corporation, in the Circuit Court of Lewis County. Process was issued by the Clerk of the

Circuit Court of Lewis County. Service of the process was accepted by the Auditor of the State of West Virginia, under the provisions of Chapter 47, Acts of the Legislature, 1937, Regular Session.

The action is based on a collision between a motor vehicle owned and operated by the plaintiff, and a similar vehicle owned by the corporate defendant, on a public road in Harrison County, West Virginia, designated as U. S. Route 19.

Plaintiff avers in his declaration that the defendant, Carson, was at the time of the collision an agent, servant and employee of the corporate defendant, and was acting in behalf of such corporate defendant at the time of the accident. The declaration charges that the collision occurred as a result of the unlawful and negligent operation of a motor vehicle owned by the corporate defendant and driven by the individual defendant. The collision between the two motor vehicles resulted in personal injury to the plaintiff and considerable damage to his motor vehicle. Plaintiff claims $2500.00 damages.

Defendants appeared specially and filed a plea in abatement, alleging in substance that the Packard Motor Car Company is a nonresident corporation, incorporated under the laws of the State of Michigan, having its principal place of business in that state, and having no office nor place of business in Lewis County, West Virginia; that the corporate defendant is not engaged in any business in Lewis County; that no agent, director or officer is in Lewis County upon whom process could be served, and that before and at the time of the commencement of this action, the defendant, Carson, was a resident of Pittsburgh, Pennsylvania, and was not at the time of the accident a resident of Lewis or any other county in West Virginia. By an amendment to the plea in abatement, the defendants aver that neither of the defendants had any estate or debts due them in Lewis County at the time of the institution of this action, or since.

The plaintiff demurred to the plea in abatement and assigned as grounds of such demurrer that the action is transitory and that the action may be brought wherever the defendants were found and process served. Further, that the defendants being non-resident operators of a motor vehicle in the State of West Virginia, operating a motor vehicle over the roads of this state, constitute the Auditor of this State their duly authorized attorney, upon whom process may be served, and the service so obtained by process, having been accepted by the Auditor for and on behalf of said non-resident defendants, confers jurisdiction on the Circuit Court of Lewis County; that Lewis County is the proper place to bring this action and that venue is not confined to the county in which the cause of action arose.

The defendants contend that Chapter 47, Acts of the Legislature, 1937, Regular Session, only relates to the service of process, and that such statute in nowise affects the venue of this action.

The Circuit Court overruled the demurrer to the plea in abatement and certified two questions substantially as follows: (1) Is Lewis County the proper venue for this action and does the Circuit Court of that County have jurisdiction? (2) Does Chapter 47, Acts of the Legislature, 1937, Regular Session, confer jurisdiction or fix venue for this action on the ground that the plaintiff resides therein?

The basic question here involved turns on the provisions of Chapter 47, Acts of the Legislature, 1937, Regular Session, reading in part as follows: "The operation by a non-resident, or by his duly authorized agent, of a motor vehicle upon a public street, road or highway of this state, shall be deemed equivalent to an appointment by such non-resident of the state auditor, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him, in any court of record in this state, including action or proceeding brought by

non-resident plaintiff or plaintiffs, growing out of any accident or collision in which such non-resident may be involved while so operating or so permitting to be operated a motor vehicle on any such street, road or highway, and such operation shall be a signification of his agreement that any such process against him, which is served in the manner hereinafter provided, shall be of the same legal force and validity as process duly served upon him in this state." " * * * *Provided,* That notice of such service and a copy of the process shall forthwith be sent by registered mail, return receipt requested, by said auditor to the defendant, * * * ".

The trial court is authorized by another provision to order such continuances as may be proper to give to the defendant an opportunity of defending the action. Other provisions of the statute relate to the definitions of words and phrases used therein.

A similar statute was held constitutional in the case of *Hess* v. *Pawloski,* 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091. See *Marcum* v. *Mutual Ins. Co.,* 134 W. Va. 144, 149, 59 S. E. 2d 433.

Objections to a somewhat similar statute are set forth in the case of *Wuchter* v. *Pizzutti,* 276 U. S. 13, 48 S. Ct. 259. The objections noted in the *Wuchter* case to a statute passed by the Legislature of the State of New Jersey were grounded on the failure of the New Jersey statute to require that information of the pending action be imparted to the nonresident defendant. As will be seen from the foregoing, the statute here considered provides for giving information of the pendency of an action to a nonresident defendant.

The provisions contained in the statute requiring the State Auditor to mail the notice of service of process to the defendant make it "reasonably probable" that notice of service of process would be communicated to a nonresident defendant. See *Wuchter* v. *Pizzutti, supra.* We hold that Chapter 47, Acts of the Legislature, 1937, Regular Session, is constitutional.

The foregoing statute is clear, without ambiguity and does not admit of judicial construction. But being in derogation of common law, it should be strictly applied and no extension of it may be made by implication, so as to include persons and situations not coming within its purview. *Brown* v. *Cleveland Tractor Co.* (Mich.), 251 N. W. 557; *Flynn* v. *Kramer* (Mich.), 261 N. W. 77; *Rose* v. *Gisi* (Neb.), 298 N. W. 333; *Commonwealth of Kentucky* v. *Maryland Casualty Co.* 6 C.C.A., 112 F. 2d 352; 5 Am. Jur., Automobiles, §591. Giving effect to the rule of strict application, a casual reading of the statute discloses that it concerns the service of process only and does not, in any way, relate to the fixing of venue. It may be said however, that sub-paragraph (d) of Section 31, reading as follows: "The provision for service of process herein is cumulative and nothing herein contained shall be construed as a bar to the plaintiff in any action from having process in such action served in any other mode and manner provided by law.", indicates that the legislative intent in enacting the statute did not include any change in the statutes relating to venue, and that Chapter 47 *id.* is confined to service of process alone. It has been held in other jurisdictions that similar statutes do not relate to venue of an action in the absence of a provision in the statute dealing with that subject. *Mann* v. *Humphrey* (Ky.), 79 S. W. 2d 17; *Courtney* v. *Meyer* (S. C.), 25 S. E. 2d 481; *Williams* v. *Meredith* (Pa.), 192 Atl. 924; *Carter* v. *Schackne* (Tenn.), 114 S. W. 2d 787. See Annotation 115 A.L.R. 893 et. seq.

Chapter 47 *idem,* makes no provision relative to venue, except subparagraph (d) of Section 31, hereinabove quoted. Such statute does not, in any way, add to, take from, or extend the general statutory provisions relating to venue of transitory actions.

"In modern legal phraseology 'venue' means the place, that is the county or district, wherein a cause is to be tried; the term was originally employed to indicate the

county from which the jury was to come." " * * * Originally, therefore, all actions had to be tried in the county where the cause of action arose. This rule was formulated because of the constitution of the ancient jury, who were but witnesses to prove or disprove the allegations of the parties, and hence every case had to be tried by a jury of the vicinage, who were presumed to have personal knowledge of the parties as well as of the facts. * * * " 56 Am. Jur., Venue, §2.

The case of *Vinal* v. *Core and Compton,* 18 W. Va. 1, is authority for the proposition that at common law, venue rested on the fact that the defendants be found in a county or that the cause of action arose in a certain county. This holding diverges from the quotation from 56 Am. Jur., supra. It was also held in *Vinal* v. *Core and Compton, supra,* that the common law had been modified but not repealed by the enactment of the various statutes relating to venue. In the *Vinal* case, both defendants, who were individuals, were found in Wood County, though the cause of action arose in Ritchie County. This Court held that the Circuit Court of Wood County had jurisdiction. We think that since the *Vinal* case was decided, changes in the statutes in this state relating to venue are so comprehensive that such statutes have in a measure so modified the common law, that the common law principles relating to venue have been superseded.

The provisions of Code, 56-1-1, have no application to the question presented on this certification, though subparagraph (b) of Code, 56-1-1, does provide as follows: "If a corporation be a defendant, wherein its principal office is, or wherein its mayor, president or other chief officer resides; or if its principal office be not in this State, and its mayor, president or other chief officer do not reside therein, wherein it does business; or if it be a corporation organized under the laws of this State, which has its principal office located outside of this State, and which has no office or place of business within the

State, the circuit court of the county in which the *plaintiff resides* or the circuit court of the county in which the seat of state government is located shall have jurisdiction of all actions at law or suits in equity against such corporation, where the cause of action arose in this State or grew out of the rights of stockholders with respect to corporate management; or * * * ". (Emphasis supplied) It is readily seen that none of the conditions stated in subparagraph (b) exist in this case; therefore, the plaintiff cannot prosecute an action in the county of his residence, under subparagraph (b) above quoted.

We do not think that the statute or any decided case permits this action to be maintained in Lewis County, where the plaintiff resides. See *Henry Fisher Packing Co.* v. *Mattox* (Ky.), 90 S. W. 2d 70.

We do not go so far as to say that the legislature could not provide that this action may be maintained in the county of plaintiff's residence, though there are valid and cogent reasons why a statute of that nature should not be enacted. Such provision would bring a nonresident defendant into a strange forum, i. e., the Circuit Court of the county wherein the plaintiff resides. It is natural to suppose that the plaintiff being a resident, would have some advantages over a nonresident defendant. But it suffices to say that no such provision is found in Chapter 47, Acts of the Legislature, 1937, Regular Session.

Venue of an action exists by virtue of law. The residence of a plaintiff, without more, is not a valid ground of venue in the absence of a statute or other principle of law authorizing it, as provided in Code, 56-1-1, subparagraph (b).

Code, 56-1-2, reads in part as follows: "An action, suit or proceeding may be brought in any county wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein, in the following instances: (a) When the defendant, or if more than one

defendant, one or more of the defendants, is a corporation; * * * ".

In this case, the collision having taken place in Harrison County, the cause of action arose in that county. Neither of the defendants residing therein, both being nonresidents of the state, and one a corporation, venue of this action lies in Harrison County, West Virginia, and if the service of process be otherwise legal, the Circuit Court of Harrison County would have jurisdiction of the defendants and the subject matter of this action. We are not concerned with the service of process on domestic corporations, as provided in Code, 56-3-13, since the corporate defendant was not created by virtue of the laws of this state.

The plaintiff contends that the State Auditor, being designated as attorney for certain nonresident persons coming within the purview of Chapter 47, Acts of the Legislature, 1937, Regular Session, and having state-wide authority, may be found in all of the counties in this state. Such contention would seem to ignore the real situation and is contrary to the holding of this Court in the case of *Rorer* v. *People's B., L. & S. Association,* 47 W. Va. 1, 3, 34 S. E. 758. In discussing a similar question, it was reasoned that the official residence of the auditor did not exist in every county in this state by reason of the fact that he had state-wide authority. *Sonneborn Sons* v. *Iron Works,* 121 W. Va. 736, 738, 6 S. E. 249; *Coal Company* v. *Britton,* 77 W. Va. 566, 87 S. E. 925.

It was held in the case of *Humphreys* v. *Newport News & M. V. Co.,* 33 W. Va. 135, 10 S. E. 39, that a foreign corporation, which has no principal office in this state and whose president or other chief officer does not reside in this state, may be sued in any county wherein it does business, where the cause of action arose in another state, if service of process can be legally had in the county wherein it is engaged in business. There is no indication in this record that the corporate defendant

was doing business in Lewis County. Merely passing through the county in a motor vehicle is not a sufficient factual basis to say that the corporate defendant was doing business in that county. See *Hayman* v. *Coal and Coke Co.,* 81 W. Va. 144, 94 S. E. 36. See *Owen* v. *Power Co.,* 78 W. Va. 596, 89 S. E. 262, for the converse of the principle decided in the Hayman case.

There is certainly no indication in this record that either of the defendants were "found" in Lewis County, West Virginia. For a discussion of the principles relating to defendant being "found" in a named county, see *Coal and Coke Co.* v. *Kitts,* 126 W. Va. 13, 27 S. E. 65; *Coal Company* v. *Britton, supra.*

Though a corporation may transact some business in a county, it is not "found" therein, if its officers or agents are absent from such county and the corporation is not conducting a substantial portion of its business therein, with reasonable continuity. *United States* v. *Aluminum Co. of America,* 20 F. Supp. 13. See *Jeffrey-Nichols Motor Co.* v. *Hupp Motor Car Corporation,* 41 F. (2d) 767.

In the case at bar, the corporate defendant transacted no business in Lewis County. Likewise, it had no officer or agent residing in that County and no property or effects located therein. See *Bank of Bristol* v. *Ashworth* (Va.), 94 S. E. 469.

Accordingly, we answer the questions certified as follows: (1) Venue does not lie in Lewis County for this action; and the Circuit Court of that county does not have jurisdiction thereof. (2) Chapter 47, Acts of the Legislature, 1937, Regular Session, does not confer jurisdiction or fix venue of this action in Lewis County on the ground that the plaintiff resides therein.

It follows that the action of the Circuit Court of Lewis County, in overruling the demurrer to the plea in abatement, is without error, and is therefore affirmed.

*Affirmed.*