UNION CARBIDE AND CARBON CORPORATION

*v.*

HAROLD LINVILLE, *et al.*

(No. 10798)

Submitted September 12, 1956. Decided November 13, 1956.

*Jackson, Kelly, Holt & O'Farrell, Oliver D. Kessell,* for plaintiff in error.

*J. B. Heilmann,* for defendant in error.

BROWNING, PRESIDENT:

Union Carbide & Carbon Corporation, hereinafter referred to as plaintiff, instituted this action of trespass on

the case in the Circuit Court of Jackson County against Linville, a resident of Lincoln County, West Virginia, and Miller and Lovejoy, residents of Cleveland, Ohio, to recover damages incurred by reason of a collision of two motor vehicles in Jackson County.

On June 9, 1955, the State Auditor of West Virginia, acting under Chapter 47, Acts of the Legislature, 1937, Regular Session, hereinafter designated Code, 56-3-31, providing for service of process upon nonresident motorists accepted service as to nonresidents, Miller and Lovejoy. On June 10, 1955, Linville was personally served in Lincoln County.

The Auditor forwarded the summonses directed to Lovejoy and Miller by registered mail, and returned receipts show such mail was received by them on June 15 and 16, 1955.

When the case was called for trial, counsel for defendants appeared and moved to quash the summonses as to all three defendants, which motion was later granted as to the defendant Linville. Upon trial of the case, and at the conclusion of plaintiff's evidence, a motion to direct a verdict in favor of the defendants Lovejoy and Miller was also granted.

The plaintiff assigns as error in this Court the action of the trial court in sustaining the motion to quash the summons as to Linville and in dismissing him as a party defendant.

Code, 56-1-1, provides: "Any action or other proceeding at law or suit in equity, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county: (a) Wherein any of the defendants may reside, * * *."

The two pertinent statutes involved are Code, 56-1-2 and 56-3-31. Code, 56-1-2, provides:

"An action, suit or proceeding may be brought in any county wherein the cause of action, or

any part thereof, arose, although none of the defendants reside therein, in the following instances:

"(a) When the defendant, or if more than one defendant, one or more of the defendants, is a corporation;

"(b) When the defendant, or if more than one defendant, one or more of the defendants, are served in such county with process or notice commencing such action, suit or proceeding."

Code, 56-3-31, states: "The operation by a nonresident, or by his duly authorized agent, of a motor vehicle upon a public street, road or highway of this State, shall be deemed equivalent to an appointment by such nonresident of the State auditor, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him, in any court of record in this State * * * and such operation shall be a signification of his agreement that any such process against him, which is served in the manner hereinafter provided, shall be of the same legal force and validity as process duly served upon him in this State."

The precise question presented by this record is one of first impression in this jurisdiction, that is whether if an action is instituted in the county wherein the cause of action arose against three defendants, none of which is a corporation, two of the defendants being nonresidents of the State served with process in the manner provided by Code, 56-3-31, for service upon nonresidents of this State, and the third defendant, a resident of this State, served in the county of his residence, may be required to come into the county in which the cause of action arose and defend the action.

In *Crawford* v. *Carson*, 138 W. Va. 852, 78 S. E. 2d. 268, a motor vehicle collision occurred in Harrison County. The plaintiff, a resident of Lewis County, instituted an action against two nonresidents, one a corporation, in the Circuit Court of Lewis County. This Court held that the cause of action arose in Harrison County, venue lay

in that county, and the plaintiff could not maintain his action in the county of his residence under the provisions of 56-3-31. In the opinion, it was stated that: "* * * Neither of the defendants residing therein, both being non-residents of this state, and one a corporation, venue of this action lies in Harrison County, West Virginia, and if the service of process be otherwise legal, the Circuit Court of Harrison County would have jurisdiction of the defendants and the subject matter of this action. * * *" While it is true that one of the defendants in that case was a corporation, that fact was not conclusive in the decision by this Court. The same result would have been reached had neither of the defendants been a corporation.

The defendant in error relies strongly upon the first syllabus point of the *Crawford* case, and statements contained in the opinion to support his position. The first syllabus point states: "Chapter 47, Acts of the Legislature, 1937, Regular Session, relates only to service of process on persons coming within its provisions and does not modify or extend statutes or common law principles concerning venue." After holding that the nonresident motorist statute was constitutional, this Court said: "The foregoing statute is clear, without ambiguity and does not admit of judicial construction. But being in derogation of common law, it should be strictly applied and no extension of it may be made by implication, so as to include persons and situations not coming within its purview. * * *" This Court approves the holding in the *Crawford* case, and all of the statements contained in the opinion, but the *Crawford* case is not decisive of the question here presented.

Code, 56-3-31, after providing for service of process upon the State Auditor as the lawful attorney for a nonresident of this State, who had operated his vehicle upon a public highway of this State, ends with this language: "* * * shall be of the same legal force and validity as process duly served upon him in this State."

The decisions of this Court to the effect that, although

the State Auditor has state-wide authority, he is not found in all of the counties of this State for the purpose of accepting service of process for a nonresident motorist, have no application to the issue here presented. *Crawford v. Carson, supra; Rorer* v. *People's Bldg., Loan & Savings Association,* 47 W. Va. 1, 34 S. E. 758; *Sonneborn Sons* v. *Ansonia Copper & Iron Works,* 121 W. Va. 736, 6 S. E. 2d. 249; *Sovereign Coal Company* v. *Britton,* 77 W. Va. 566, 87 S. E. 925. Service of process upon the Auditor must be valid in some county of the State or the provisions of Code, 56-3-31, would be of no effect. If these nonresident defendants had been residents of this State, and process had been served upon them in Jackson County, the validity of the service could not be questioned. Since the venue of this action lay in Jackson County, we hold that the language used by the Legislature in Code, 56-3-31, operates to make the service of process upon the State Auditor in behalf of the two nonresident motorists equivalent to and it has the same "legal force and validity as process duly served" upon them in Jackson County, West Virginia.

Subsection (b) of Code, 56-1-2, provides that where there is more than one defendant, and one of them is served with process commencing an action in the county wherein the cause of action arose, the other defendants, if served with process in another county of this State, may be brought into the county in which the cause of action arose. The fact that the cause of action arose in a county is not alone sufficient. Service of process must be had upon one or more of the defendants in that county. *Marsh* v. *O'Brien,* 82 W. Va. 508, 96 S. E. 795.

In *Staats* v. *Co-Operative Transit Company,* 125 W. Va. 473, 24 S. E. 2d. 916, Judge Poffenbarger was quoted, in *McConaughey & Co.* v. *Bennett's Executors,* 50 W. Va. 172, 40 S. E. 540, to this effect: "It is a well settled rule that where the circuit court of a county has jurisdiction as to one of the proper parties defendant, the others being residents of the state, are subject to its process and jurisdiction also for the court having acquired jurisdic-

tion of one of the defendants may send its process to any county in the state for the other."

The Circuit Court of Jackson County has, by virtue of the provisions of Article VIII, Section 12, of the Constitution of this State, jurisdiction of this action of trespass on the case since the amount in controversy exceeds the sum of $50.00. Since the cause of action arose in Jackson County, venue lies therein by the provisions of Code, 56-1-2, heretofore quoted. That court, having acquired "jurisdiction" of the two nonresident defendants by service upon the Auditor under the provisions of Code, 56-3-31, and of the defendant Linville by service of a summons upon him in Lincoln County, subsequent to valid service of process upon the nonresident defendants, the power and authority of the Circuit Court of Jackson County to hear, determine and adjudicate all matters in controversy between the plaintiff and the three defendants was complete.

The action of the Circuit Court of Jackson County, in sustaining the motion of the defendant Linville to quash the summons directed to and served upon him in Lincoln County, is reversed. The question raised by counsel in briefs and arguments, as to whether the nonresident defendants could have been brought into the Circuit Court of Lincoln County had the plaintiff instituted the action in that court and Linville had been served in Lincoln County is not before this Court upon this writ of error.

*Reversed and remanded.*