102 S.E.2d 901 (1958)
WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION et al.
v.
F. Morton WAGNER, Judge, et al.
No. 10939.
Supreme Court of Appeals of West Virginia.
Submitted January 28, 1958.
Decided April 11, 1958.
*903 Joseph M. Sanders, Bluefield, Harold A. Bangert, Jr., Charleston, for relators.
Charles A. Tutwiler, Welch, for respondents.
HAYMOND, President.
In this original proceeding, instituted in this Court November 27, 1957, the petitioners, West Virginia Secondary School Activities Commission, a voluntary unincorporated organization, and Jonathan Y. Lowe, W. G. Eismon and F. P. Weihl, members of the Board of Appeals of the Commission, seek a writ to prohibit the defendants, Honorable F. Morton Wagner, Judge of the Circuit Court of Mercer County, and Robert Gerald Holbrook and Roy Rogers Bellamy, infants under the age of twenty one years, and Homer Hickam, their next friend, from proceeding further in a certain suit in equity, then pending in that court in which the infants Holbrook and Bellamy, members of the football team of Big Creek High School, a class AA school, in McDowell County, and residents of that county, are plaintiffs, and the petitioners, West Virginia Secondary School Activities Commission, Jonathan Y. Lowe, President, W. G. Eismon, Vice President, F. P. Weihl, Secretary-Treasurer, and members, and Melvin McClain, Deputy Member, of the Board of Appeals of the Commission, and all the unnamed agents, directors, servants and employees of, and other persons connected with, the commission and its board of appeals, and all high schools in this State, their coaches, teams, individuals, agents, employees and servants, are defendants.
The suit in which the petitioners seek to prohibit all further proceedings was instituted *904 in Mercer County November 25, 1957, and on that day the defendant, F. Morton Wagner, the judge of the circuit court, upon the bill of complaint of the infant plaintiffs, issued an injunction which restrained and enjoined the defendants in that suit, and their agents, servants and employees, from in any manner interfering with, objecting to, or declaring the plaintiffs, or any member of the Big Creek High School football team, ineligible to play in any high school football game to determine the champion of class AA football in West Virginia, for the year 1957-1958, or to play as members of Big Creek High School team in such championship football game; restrained and enjoined the defendants and Weir High School, their agents, servants and employees, from arranging, sponsoring, holding, fixing or playing in a scheduled football game in Wheeling on November 28, 1957; restrained and enjoined the defendants and W. R. Fugitt, the executive secretary of the commission, their agents, servants and employees, from imposing any penalty upon Big Creek High School or its football team; and ordered the defendants to declare the football team of Big Creek High School eligible to participate in the championship football game to determine the class AA champion in West Virginia for the year 1957-1958 and, if such game is not played, to declare the Big Creek High School football team co-champion of class AA football in this State for the scholastic year 1957-1958. An injunction bond in the penalty of $250 was required by the circuit court and was executed in behalf of the plaintiffs.
Upon the petition filed in this proceeding on November 27, 1957, this Court issued a rule against the defendants returnable December 10, 1957, and by order suspended the operation of the injunction. The suspension of the injunction made permissible the scheduled football game between the teams of West Fairmont High School and Weir High School in Wheeling on November 28, 1957.
This proceeding was continued by agreement of the parties until January 28, 1958, when it was submitted for decision upon the petition, the separate answer of the defendant, F. Morton Wagner, the separate answer of the defendants Holbrook and Bellamy and Hickam, their next friend, which admits the principal facts alleged in the petition but denies and challenges its allegations that the circuit court was without jurisdiction to issue the injunction in the suit in equity, the summonses issued and served, the bill of complaint, and the decree awarding the injunction in the suit, which by stipulation were incorporated in the record, and the written briefs and oral arguments in behalf of the respective parties.
The West Virginia Secondary School Activities Commission is a voluntary unincorporated organization and it operates under its regularly adopted constitution and by-laws. The objects of the commission are to supervise and control, through its authorized instrumentalities, interscholastic authletic and other specified contests and such other interscholastic activities as may be properly regulated by it. Its membership is composed of public tax supported first class secondary schools which adopt its constitution and by-laws, pay annual dues, and are duly accepted as members. The activities of the commission are administered by the principals of its member schools. Each principal may cast one vote and the commission regulates interscholastic activities among its members. Its officers are a president, a vice president, and a treasurer, who constitute a board of appeals which is authorized to administer the by-laws governing interscholastic athletics; to appoint deputy board members to serve during the will and pleasure of the board, and an executive secretary; to fill vacancies in its membership; to decide all cases of the eligibility of athletes and participants in other activities whose cases are not specifically covered by the constitution and by-laws; and to investigate, by a deputy board member, or otherwise, matters of eligibility and violation of rules. The decision of the deputy board member in matters investigated by him is final until reversed by the board. The executive *905 secretary is authorized to receive and investigate complaints concerning the eligibility of athletes and participants in interscholastic activities and violations of the rules of the commission, and to render decisions and impose penalties which are subject to review by the board.
Under the provisions of the by-laws the board of appeals is authorized to adopt a point rating system for football to determine a state championship in all classes of schools, and if charges against any member of the commission can not be satisfactorily resolved by the deputy board member in the region in which they originate, they shall be submitted to the executive secretary who, if he also can not resolve such charges in a manner satisfactory to the schools involved, shall submit the protest to the board whose decision of the matter shall be final.
Neither the constitution nor the by-laws vests authority in the deputy board member to select the class AA school football teams to participate in the game to determine the championship of this State for the scholastic year 1957-1958, or to determine the cochampions in that class if a championship game should not be played. On the contrary, it is clear from the applicable provisions of the constitution and by-laws that the board of appeals of the commission has the exclusive power to determine the two football teams entitled to compete for the class AA championship of the State for the scholastic year, and that when the board has made that determination its action can not be altered, reversed or superseded by a deputy board member.
The bill of complaint in the suit in equity alleges that the plaintiffs are members of the class AA football team of Big Creek High School, located at War, McDowell County; that it and the class AA football teams of Weir High School of Weirton and West Fairmont High School of Fairmont were undefeated class AA teams during the 1957 regular season; that the football team of Weir High School is not entitled to compete in the championship game against West Fairmont High School but that the football team of Big Creek High School is entitled to compete in such game; that despite the objections and protests of the representatives of Big Creek High School, the board of appeals of the commission, at a meeting held in Parkersburg on November 24, 1957, refused to reverse the action of the executive secretary and the members of the board who, previously acting individually, declared Weir High School of Weirton and West Fairmont High School of Fairmont eligible to participate in the championship football game, which the board and the commission had arranged to be played in Wheeling on November 28, 1957, to determine the class AA football champion, and refused to allow Big Creek High School to participate in the championship game or to declare Weir High School ineligible to participate in that game. The bill of complaint also alleges that Melvin McClain, named as a defendant, was the deputy board member for region 6, the region in which Big Creek High School is situated, and that the board and the commission, in failing to refer the dispute to McClain, did not comply with the applicable sections of the by-laws.
The process issued in the suit in equity, returnable at rules to be held in the office of the clerk of the Circuit Court of Mercer County on the first Monday in December, 1957, consisted of a summons directed to the Sheriff of Cabell County which was served upon McClain, in person, on November 25, 1957, in Mercer County, of which he is a resident, a summons directed to the Sheriff of Cabell County, which was served upon Lowe individually and as President of West Virginia Secondary School Activities Commission, in person, on November 27, 1957, in Cabell County, of which he is a resident, and a summons directed to the Sheriff of Cabell County, which was served upon Eismon, in person, on November 27, 1957, in Jefferson County, of which he is a resident. Neither Lowe nor Eismon has appeared in the suit in equity pending in *906 Mercer County in answer to the summons served on each of them, and no defendant in that suit other than McClain, Lowe and Eismon has been served with process.
The petitioners assert that the Circuit Court of Mercer County is without jurisdiction to entertain the suit in equity and to grant the injunctive relief sought by the plaintiffs in that suit and urge substantially these grounds in support of their prayer for a writ in this proceeding: (1) That the rights asserted by the plaintiffs are not cognizable in a court of equity and the plaintiffs are not entitled to injunctive relief; (2) that as the plaintiffs seek only injunctive relief and the principal act sought to be enjoined is the championship game which was scheduled to be played in Wheeling on November 28, 1957, the only court having jurisdiction to enjoin that act is the Circuit Court of Ohio County where it was about to be performed; (3) that, as the West Virginia Secondary School Activities Commission, a voluntary unincorporated organization can not be sued as an entity in its name, the venue of the suit in equity was not established and none of the defendants who are necessary parties resides in Mercer County or was served with process in that county; and (4) that the penalty of the injunction bond of $250, being completely inadequate is, in legal effect, not a valid bond, and in consequence the injunction is of no force or effect.
If on any of the foregoing grounds the Circuit Court of Mercer County is without jurisdiction to grant the injunctive relief which the plaintiffs seek in the suit in equity and presently obtained by the issuance of the temporary injunction, the petitioners are entitled to the writ for which they pray in this original proceeding.
There is no merit in the contention of the petitioners that the asserted inadequacy of the penalty of the injunction bond alone renders the injunction ineffective. If the circuit court had jurisdiction to issue the injunction and the bond is insufficient because the penalty is clearly inadequate, the court upon proper application should require the execution of a sufficient bond within a designated period of time and, for failure to comply with that requirement, should and presumably would dissolve the injunction. The inadequacy of the penalty of the bond, however, does not of itself render the injunction invalid.
As the West Virginia Secondary School Activities Commission is a voluntary unincorporated association or organization it can not be sued in its name as a separate legal entity in the courts of this State. In Milam v. Settle, 127 W.Va. 271, 32 S.E.2d 269, this Court held in point 1 of the syllabus that "The statute law of this State does not provide for suits or actions against an unincorporated society or association, and, in the absence of such statute, it cannot be sued as an entity by name." Point 1 of the syllabus in West v. Baltimore and Ohio Railroad Company, 103 W. Va. 417, 137 S.E. 654, is expressed in this language: "In the absence of a statute authorizing such procedure, an unincorporated society or association can not be sued as an entity by its name, nor can judgment be rendered against it merely by name; but to confer jurisdiction, the members composing the association, or some of them, must be named as parties, and process served upon them individually." To the same effect is the holding of this Court in Simpson and Smith v. Grand International Brotherhood of Locomotive Engineers, 83 W.Va. 355, 98 S.E. 580; 250 U.S. 644, 39 S.Ct. 494, 63 L.Ed. 1186; 250 U.S. 645, 39 S.Ct. 494, 63 L.Ed. 1187. See also Mitch v. United Mine Workers of America, 87 W.Va. 119, 104 S.E. 292.
In the opinion in the Milam case referring to West v. Baltimore and Ohio Railroad Company, 103 W.Va. 417, 137 S.E. 654, and Simpson and Smith v. Grand International Brotherhood of Locomotive Engineers, 83 W.Va. 355, 98 S.E. 580; 250 U.S. 644, 39 S.Ct. 494, 63 L.Ed. 1186; 250 U.S. 645, 39 S.Ct. 494, 63 L.Ed. 1187, this Court said: "True, jurisdiction of a cause of action, growing out of some act of an *907 association, may be obtained by serving process on some member or members thereof; but when this is done, against whom can a judgment be rendered? Both cases cited above expressly say that there can be no judgment against the association by name. This leaves only the individual members, served with process, against whom a judgment may be recovered. How can it be said that service on members of an unincorporated association brings it into the action in any way, when the court is powerless to render any judgment against it? Why do a vain and futile thing? We construe the holdings of the two cases as doing nothing more than providing a remedy against members of an unincorporated association for any wrongdoing of such association; and, of course, only against those who are served with process in a suit or action against them growing out of such wrongdoing." For the reasons stated in the cited cases the suit in equity is not a valid proceeding against West Virginia Secondary School Activities Commission and it can not be considered as a defendant, or served with process as such, in that suit.
The allegations of the bill of complaint, which incorporate the substance of the applicable provisions of the constitution and the by-laws of the commission, show clearly that the defendant, Melvin McClain, the deputy board member and the only defendant who resides in Mercer County or has been served with process in that county, is not a necessary party to the suit in equity. He has no litigable or substantial interest which can properly be determined in that suit. Neither the constitution nor the by-laws of the organization vests power or authority in McClain, as a deputy board member, to determine the teams to compete for the championship in class AA football, to declare any team ineligible for such competition, to determine co-champions in class AA football in the event a championship game is not played, or to arrange or supervise any championship game. There is no provision in the constitution or in the by-laws which empowers him, as a deputy board member, to alter, reverse, or supersede the action of the board of appeals in declaring Weir High School of Weirton and West Fairmont High School of Fairmont eligible to participate in the championship game which the board and the commission had arranged to be played in Wheeling on November 28, 1957, and in refusing to allow Big Creek High School to participate in the championship game or to declare Weir High School ineligible to participate in it. On the contrary, under the applicable provisions of the constitution and the by-laws the decision of the board of appeals in all such matters is final and conclusive.
In view of the lack of authority of McClain as a deputy board member to accomplish any of the results sought to be attained by the plaintiffs in the suit in equity and of the lack of authority of the Circuit Court of Mercer County to require McClain, as such deputy board member, to take action not authorized by the constitution and by-laws of the organization, McClain is neither a necessary nor a proper party but instead is merely a nominal party to the suit in equity against whom the bill of complaint of the plaintiffs fails to state any valid cause of action.
Section 1, Article 1, Chapter 56, Code, 1931, relating to venue, to the extent here pertinent, provides that "Any action or other proceeding at law or suit in equity, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county: (a) Wherein any of the defendants may reside * * *." Section 2, Article 1, Chapter 56, Code, 1931, which likewise relates to venue, to the extent here pertinent, provides that "An action, suit or proceeding may be brought in any county wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein, in the following instances: * * * (b) When the defendant, or if more than one defendant, one or more of the defendants, are served in such county with process or notice commencing such action, suit or proceeding."
*908 As already indicated, the bill of complaint in the suit in equity does not state a valid cause of action against West Virginia Secondary School Activities Commission or McClain. For that reason venue of the suit in equity is not established and does not lie in Mercer County. The only cause of action, if any, stated in the bill of complaint is a cause of action against the defendants, Lowe, Eismon and Weihl, officers of the commission and members of its board of appeals, which alone is vested by its constitution and by-laws with authority to determine the teams eligible to compete for the championship of class AA football for the scholastic year 1957-1958, to declare Big Creek High School eligible and Weir High School ineligible to play in the championship game, and to declare the co-champions if there should be no championship game. None of these defendants is a resident of Mercer County, none of them was served with process in that county, and the cause of action against them did not arise in that county.
Venue depends upon the actual existence of the cause of action and not upon the good faith of the plaintiff in the selection of the defendant. Gunnoe, Adm'r v. West Virginia Poultry Co-Operative Association, 115 W.Va. 87, 174 S.E. 691, 93 A.L.R. 944. Under the provisions of Section 1, Article 1, Chapter 56, Code, 1931, the venue of the suit in equity lies in the county in which any of the defendants Lowe, Eismon and Weihl resides and against whom the plaintiffs may have a valid cause of action; and as none of these defendants resides in Mercer County or was there served with process, the venue of the suit in equity does not lie in that county. Where a defendant, not a resident of the county in which an action is brought, is sued with a corporation, the venue of the action, under Section 2, Article 1, Chapter 56, Code, 1931, depends upon the actual existence of a cause of action against the corporation. Gunnoe, Adm'r v. West Virginia Poultry Co-Operative Association, 115 W. Va. 87, 174 S.E. 691, 93 A.L.R. 944.
In Wolfe v. Shaw, Judge, 113 W. Va. 735, 169 S.E. 325, involving venue in Marion County, where the cause of action against one defendant arose, of an action against that defendant and another defendant against whom no cause of action arose in that county, this Court held that service of process in that county upon the other defendant and service of process in another county upon the defendant against whom a cause of action had arisen in Marion County did not confer venue of the action in Marion County and that the circuit court of that county did not have jurisdiction of that defendant and prohibited the further prosecution of the action in that court because of its lack of jurisdiction. In the recent case of Crawford v. Carson, 138 W.Va. 852, 78 S.E.2d 268, 38 A.L.R. 2d 1191, this Court held that venue of an action exists by virtue of law and that when no cause of action arises and venue of an action does not lie in a county the circuit court of that county does not have jurisdiction of such action.
Jurisdiction consists of two elements. One of these elements is jurisdiction of the subject matter and the other is jurisdiction of the person. Sidney C. Smith Corporation v. Dailey, Judge, 136 W.Va. 380, 67 S.E.2d 523. Jurisdiction of the subject matter must exist as a matter of law. Sidney C. Smith Corporation v. Dailey, Judge, 136 W.Va. 380, 67 S.E.2d 523; Hustead v. Boggess, 122 W.Va. 493, 12 S.E.2d 514; Town of Hartford v. Davis, 107 W.Va. 693, 150 S.E. 141; Yates v. Taylor County Court, 47 W.Va. 376, 35 S.E. 24. Jurisdiction of the person may be conferred by consent of the parties or the lack of such jurisdiction may be waived. Sidney C. Smith Corporation v. Dailey, Judge, 136 W.Va. 380, 67 S.E.2d 523; Hall, Adm'r v. Ocean Accident and Guarantee Corporation, Ltd., 122 W.Va. 188, 9 S.E.2d 45; Anderson v. Anderson, 121 W.Va. 103, 1 S.E.2d 884; Robinson, Adm'r v. Engle, 107 W.Va. 598, 149 S.E. 836; State ex rel. Brannon v. Hudson, Judge, 95 W.Va. 183, 120 S.E. 921; Yates *909 v. Taylor County Court, 47 W.Va. 376, 35 S.E. 24.
There is a distinction between jurisdiction and venue and the two terms are not synonymous. Jurisdiction is the inherent power of a court to decide a case. Venue designates the particular county in which a court having jurisdiction may, in the first instance, properly hear and determine a case. Sidney C. Smith Corporation v. Dailey, Judge, 136 W.Va. 380, 67 S.E.2d 523. Notwithstanding this distinction, a court in a county in which venue of an action does not lie does not acquire jurisdiction of the defendant in such action. Wolfe v. Shaw, Judge, 113 W.Va. 735, 169 S.E. 325; Crawford v. Carson, 138 W.Va. 852, 78 S.E.2d 268, 38 A.L.R.2d 1191.
As venue of the suit in equity does not exist in Mercer County and as service of process upon Lowe and Eismon, who were not residents of Mercer County, was not made upon either of them in that county the Circuit Court of Mercer County was without jurisdiction to hear and determine the suit in equity pending in that county and did not have jurisdiction to grant the injunction issued in that suit.
In this State the award of a writ of prohibition is governed by Section 1, Article 1, Chapter 53, Code, 1931, which provides that "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." To enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction. Morris v. Calhoun, 119 W.Va. 603, 195 S.E. 341. A court which has jurisdiction of the subject matter of litigation exceeds its legitimate powers when it undertakes to hear and determine the cause without jurisdiction of the parties. Morris v. Calhoun, 119 W.Va. 603, 195 S.E. 341.
This Court has declared in many cases that the writ of prohibition lies as a matter of right when the inferior court does not have jurisdiction of the subject matter in controversy, or having such jurisdiction, exceeds its legitimate powers. State v. Cruikshank, 138 W.Va. 332, 76 S. E.2d 744; State ex rel. Gordon Memorial Hospital, Inc., v. West Virginia State Board of Examiners for Registered Nurses, 136 W.Va. 88, 66 S.E.2d 1; State ex rel. Peery v. Davis, 135 W.Va. 824, 65 S.E.2d 291; Village of Barboursville v. Hereford, Judge, 133 W.Va. 375, 56 S.E.2d 206; State ex rel. Rufus v. Easley, 129 W.Va. 410, 40 S.E.2d 827; State ex rel. Cosner v. See, 129 W.Va. 722, 42 S.E.2d 31; Morris v. Calhoun, 119 W.Va. 603, 195 S.E. 341; Wolfe v. Shaw, Judge, 113 W.Va. 735, 169 S.E. 325; State ex rel. Noce v. Blankenship, 93 W.Va. 273, 116 S.E. 524; Weil v. Black, 76 W.Va. 685, 86 S.E. 666; Sperry v. Sanders, 50 W.Va. 70, 40 S.E. 327; Johnston v. Hunter, 50 W.Va. 52, 40 S.E. 448; Norfolk and Western Railway Company v. Pinnacle Coal Company, 44 W.Va. 574, 30 S.E. 196, 41 L.R.A. 414.
As the petitioners are entitled to the writ for which they pray for the reason that venue of the suit in equity does not exist in Mercer County and the circuit court does not have jurisdiction of the necessary parties to the suit, it is unnecessary, in the decision of this proceeding, to discuss or consider the first two grounds assigned and relied upon by the petitioners.
A writ prohibiting further proceedings in the suit in equity is awarded and the previous order of this Court suspending the operation of the injunction will continue in full force and effect.
Writ awarded.