208 A.2d 526.

SEARS, ROEBUCK AND CO. *vs.* HENRY W. SAUNDERS.

MARCH 30, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Powers, J.   This is an action in assumpsit to recover money allegedly due on a contract for the installation of a heating system and for the performance of other necessary work on certain property of the defendant.   The plaintiff, a New York corporation qualified to do business in this state, brought suit by a writ of attachment on the defendant's property situated in the county of Kent.   The writ was issued out of and made returnable to the Providence county superior court and the plaintiff entered its declaration therein.

The defendant, a resident of Kent county, filed a plea in abatement in three counts.   The plaintiff's demurrer thereto was sustained by a superior court justice.   Thereupon the case proceeded to trial before another superior court justice, sitting without a jury, and resulted in a decision for plaintiff.   From that decision and the decision sustaining plaintiff's demurrer, defendant duly prosecuted his bill of exceptions.

The second count of the plea in abatement avers in substance that plaintiff, a foreign corporation, although qualified to do business in this state is restricted by statute to the bringing of its action in Kent county.   In short, the second count challenges the venue of the superior court for the county of Providence.   Although defendant makes reference to an inappropriate section of the statute, he no doubt is relying on G. L. 1956, §9-4-4, which provides as follows:

> "Personal or transitory actions and suits brought by or against corporations, if brought in the superior court, shall be brought in the court for the county, and if brought in a district court shall be brought in the district, in which the other party or some one of the other parties dwell, or in the court for the county or in the district court for the district in

which the defendant or some one of the defendants shall be found, or in which the corporation is located by its charter, or if not located by its charter, in which the annual meetings of the corporation are required to be, or if not required to be, are actually holden."

The defendant contends that since plaintiff does not have status in any county within the meaning of the foregoing provision, it was required to sue in Kent county where defendant "shall be found." Hence, he argues, the trial justice erred in sustaining plaintiff's demurrer.

In our judgment there is merit in this contention. Although plaintiff argues that it has been held that a foreign corporation qualified to do business within a state is a resident of the county in which it has its principal place of business, relying upon 129 A.L.R. 1290 and *Crawford* v. *Carson*, 138 W. Va. 852, we are unable to agree. Only by tenuous implication, and then on the basis of the statutes prevailing in other jurisdictions, can those citations be interpreted as plaintiff construes them. We find no case in point, and on the construction which in our judgment must be given to the statute by which we are bound, a foreign corporation though qualified to do business in this state must sue in the county where the defendant is found.

The defendant's exception to the sustaining of plaintiff's demurrer should have been overruled and the plea in abatement sustained.

In the view we take of the second count in defendant's plea, the first and third counts require no discussion.

The defendant further contends, however, as we understand him, that the sustaining of his exception to the decision on the demurrer entitles him to judgment on the merits, relying on *Elmasian* v. *Daley*, 87 R. I. 431. There we held that the overruling of a demurrer to a plea in abatement is dispositive of the cause of action when the sustained plea is one in bar.

In the *Elmasian* case the plea in abatement was sustained because the demurrer admitted another action pending between the same parties in the same court and for the same cause. We held that since plaintiffs were not prejudiced by the trial justice's sustaining of defendants' plea in abatement because the same cause was still pending, it was not error for the trial justice in overruling plaintiffs' demurrer and sustaining the defendants' plea in abatement to give judgment to the defendants in the second action.

Here, however, the sustaining of the defendant's plea in abatement results only in quashing the writ and does not reach the merits of the plaintiff's cause of action. With the quashing of the writ no determination of the merits could be had.

The defendant's exception is sustained, and the case is remitted to the superior court with directions to sustain the plea in abatement and quash the writ.

*John F. Cuzzone, Jr.,* for plaintiff.

*Pontarelli & Berberian, Aram K. Berberian,* for defendant.