# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **H.M. and L.M.**

**No. 22-832** (Hardy County CC-16-2021-JA-93 and CC-16-2021-JA-94)

## MEMORANDUM DECISION

Petitioner Mother N.N.[1] appeals the Circuit Court of Hardy County's October 12, 2022, order terminating her parental rights to H.M. and L.M.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's October 12, 2022, dispositional order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

The proceedings below began in July 2021, when the DHHR filed a petition alleging that several other children, none of whom are at issue in this appeal,[3] were abused and/or neglected. Relevant to this appeal, two of these children were petitioner's biological children but resided in Hardy County outside of petitioner's care. The matter progressed for several months until, in August 2021, the DHHR filed an amended petition to include H.M. and L.M. as abused and/or neglected children. It is undisputed that H.M., L.M., petitioner, and the children's father, did *not* reside in Hardy County, and the DHHR did not allege that any abuse and/or neglect occurred in that county. On the contrary, the DHHR's amended petition was clear that petitioner and the father, the children's legal custodians, resided in Hampshire County.

Shortly after the filing of the amended petition, petitioner filed a motion to dismiss in regard to H.M. and L.M. based on improper venue. The court held a hearing on August 25, 2021, during which it denied the motion to dismiss. However, the court made no findings of fact or conclusions

---

[1]Petitioner appears by counsel Jeffrey N. Weatherholt. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Marla Zelene Harman appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]These children were either not petitioner's children or she raises no argument on appeal concerning them.

1

of law in the resulting order to serve as a basis for the denial. Given that the resolution of petitioner's case turns entirely on the court's erroneous denial of the motion to dismiss, it is sufficient to note that the proceedings continued until the court ultimately terminated petitioner's parental rights to the children.[4] It is from the court's October 12, 2022, dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the . . . case [will be] remanded for compliance with that process.

Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Before this Court, petitioner argues that venue in Hardy County was improper, a position with which the DHHR agrees.[5] Petitioner is correct that West Virginia Code § 49-4-601(a) provides as follows:

> If the department or a reputable person believes that a child is neglected or abused, the department or the person may present a petition setting forth the facts to the circuit court in the county in which the child resides, or if the petition is being brought by the department, in the county in which the custodial respondent or other named party abuser resides, or in which the abuse or neglect occurred, or to the judge of the court in vacation. Under no circumstance may a party file a petition in more than one county based on the same set of facts.

It is uncontroverted that none of these conditions are applicable to the children at issue in this appeal. The children resided in Hampshire County, the custodial parents/alleged abusers lived in Hampshire County, and the alleged abuse and/or neglect occurred in Hampshire County. There was no basis for venue in Hardy County, and the circuit court should have, accordingly, granted petitioner's motion to dismiss on this basis.

This Court has had occasion to examine an almost identical set of facts and found that, although unusual, vacation was warranted. *See In re D.W.*, No. 16-0895, 2017 WL 2390249, at *3 (W. Va. June 2, 2017)(memorandum decision). In that matter, the DHHR initiated a petition in

---

[4]The father's parental rights were also terminated, and the permanency plan for the children is adoption in the current placement.

[5]Petitioner raises several other assignments of error. However, it is unnecessary to address these additional arguments because we find that she is entitled to relief on the issue of venue.

2

regard to a child who was exposed to domestic violence in a home in Webster County that was not the mother's home. *Id*. at *1, *3. Thereafter, the DHHR filed an amended petition in the Circuit Court of Webster County to include two other children who lived with their father, despite the fact that neither child lived in that county, neither parent lived in that county, and no abuse occurred in that county. *Id.* at *3. Discussing application of West Virginia Code § 49-4-601(a), we pointed out in that matter that

> the West Virginia Legislature is the paramount authority for deciding and resolving policy issues pertaining to venue matters. Once the Legislature indicates its preference by the enactment of a statute, the Court's role is limited. Our duty is to interpret the statute, not to expand or enlarge upon it. More significantly, any subsequent policy changes must come from the Legislature itself and, in the absence of constitutional or statutory authority to the contrary, this Court has no blanket power to recast the statute to meet its fancy.

*Id.* at *4 (quoting *State ex rel. Riffle v. Ranson*, 195 W. Va. 121, 126, 464 S.E.2d 763, 768 (1995) (citations omitted)). We further stressed that "the DHHR cannot perform an 'end-run' around the exclusive venue provisions of West Virginia Code § 49-4-601(a) by way of simple amendment." *Id.* (citing *W. Va. Secondary School Activities Comm'n v. Wagner*, 143 W. Va. 508, 520, 102 S.E.2d 901, 909 (1958)). Such is the case here, and we find that the circuit court's order terminating petitioner's parental rights must be vacated and the matter remanded.

For the foregoing reasons, we vacate the circuit court's October 12, 2022, order terminating petitioner's parental rights to the children[6] and remand with instructions to the circuit court to transfer the portions of the petition concerning H.M. and L.M. to a county where venue properly lies pursuant to West Virginia Code § 49-4-601(a). The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and Remanded, with directions.

**ISSUED**: October 30, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[6]The vacation of this order applies only to petitioner, H.M., and L.M. Accordingly, any portions of the order concerning other children or other adult respondents remain in full force and effect.